LEOPOLD KNUPFLE, as Administrator, etc., Respondent, *v.* THE KNICKERBOCKER ICE COMPANY, Appellant.

In an action to recover damages for alleged negligence proof of the violation of a city ordinance does not establish negligence *per se ;* it is competent evidence upon the question to be submitted to the jury, but not conclusive.

*Jetter* v. *N. Y. & H. R. R. R. Co.* (2 Abb. Ct. of App. Dec. 458), limited and distinguished.

*Knupfle* v. *K. Ice. Co.* (23 Hun, 159), reversed.

(Argued February 28, 1881 ; decided March 15, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 23 Hun, 159.)

This action was brought to recover damages for the death of James Knupfle, plaintiff's intestate, alleged to have been caused by defendant's negligence.

It appeared that the driver of one of defendant's ice wagons, which was drawn by mules, left them standing upon Atlantic avenue, in the city of Brooklyn, unfastened and unattended, while he went into a store. The deceased, a boy about five years old, was being drawn upon the sidewalk, in a small wagon, by another boy about his own age, who, as he got opposite the

ice wagon, let the tongue of the little wagon drop, and it ran in between the mules and the ice wagon. The mules started up, and a wheel of the ice wagon passed over the deceased, killing him.

The further material facts appear in the opinion.

*Alfred E. Mudge* for appellant. The violation of the ordinance was not alone evidence of carelessness sufficient to charge the defendant. (*Brown* v. *Buff. & S. L. R. R. Co.*, 22 N. Y. 191; *Jetter* v. *Harlem R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.] 29; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522.) In the absence of express power by charter, a municipal corporation can only enforce its ordinances by penalties. (Cooley's Constitutional Limitations [4th ed.], 235.) It cannot as to third parties create new duties, and thus make that negligence which was not negligence before. (*Fuchs* v. *Schmidt*, 8 Daly, 317; *Kirby* v. *Boylston Market Association*, 80 Mass. 249; *Heeney* v. *Sprague*, 11 R. I. 456; *Van Dyke* v. *Cincinnati*, 1 Disney, 532.) Under circumstances where the injured party had no right to rely upon the fact that the ordinance would be complied with, it is not competent evidence for any purpose. (*Baker* v. *Pendergast*, 32 Ohio St. 494.) As to whether it is negligence to leave "a horse untied or not in charge of some one in a public street," is a question of fact for the jury, depending upon the disposition of the horse and other circumstances attending each case. (*Wanser* v. *Del., Lack. & W. R. R., N. Y.* Ct. of Appeals, February 24, 1880; *Albert* v. *Bleecker St. R. R. Co.*, 2 Daly, 389; *Gottwold* v. *Bernheimer*, 6 id. 212, 214; *Griggs* v. *Frankenstein*, 14 Minn. 81.) If there was any error in the admission of the ordinance, or in the charges excepted to, it certainly did work the defendant injury, and there should be a new trial. (*Foote* v. *Beecher*, 78 N. Y. 155.)

*William G. Cooke* for respondent. The ordinance was properly admitted in evidence, and the judge's charge as to its

effect was right. (*Jetter* v. *Harlem R. R. Co.*, 2 Abb. Ct. of App. Dec. 458; *Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. Pr. [N. S.] 29.) At common law, leaving a team loose in the street is negligence *per se*, without reference to the ordinance. (*Morris* v. *Kohler*, 41 N. Y. 42, 46; *Lynch* v. *Nurdin*, 1 Ad. & Ell. [N. S.] 29; *Illidge* v. *Goodwin*, 5 Carr. & Payne, 190.) Evidence of a custom by which drivers in Brooklyn habitually violate the city ordinance and the law was properly excluded. (*Brown* v. *Newell*, 8 N. Y. 190; *Higgins* v. *Moore*, 34 id. 417; *Stoney* v. *Farmers' Trans. Co.*, 17 Hun, 579.)

Per CURIAM. One of the principal questions litigated upon the trial of this action related to the alleged negligence of the driver of the defendant's team in leaving the horses untied in the street, which, it was claimed, was the cause of the death of the intestate. Among other evidence to establish such negligence, the plaintiff offered and introduced in evidence, against the objection of the defendant, an ordinance of the city of Brooklyn, prohibiting the leaving of any horse or horses attached to a vehicle standing in any street without a person in charge, or without being secured to a tying post. We think there is no question as to the admissibility of such testimony under the decisions of this court, and the exception taken to the ruling in this respect cannot be upheld.

A more serious question arises as to the effect to be given to the evidence referred to. At the close of the charge the plaintiff's counsel requested the judge to charge the jury that a violation of an ordinance of the city is necessarily negligence; and the judge replied: "It is; I have so told the jury; it is negligence;" and the defendant's counsel excepted. We think there was error in the charge thus made, and that the judge went too far in holding that a violation of the ordinance was negligence of itself.

The question presented has been the subject of consideration in this court, as will be seen by reference to the reported cases. In *Brown* v. *B. & State Line R. R. Co.* (22 N. Y. 191), the

court charged the jury that if the injury occurred while defendant's train was running in violation of a city ordinance and at a rate of speed forbidden by it, and was occasioned by or would not have occurred except for such violation, the defendant was liable, and this direction was held to be error. This doctrine is, however, repudiated in *Jetter* v. *N. Y. & H. R. R. Co.* (2 Abb. Ct. App. Dec. 458), as well as in subsequent cases. In the last case cited it was held that a party in doing a lawful act, where there is no present danger, or appearance of danger, has a right to assume that others will conform their conduct to the express requirements of the law and not bring injury upon him by its violation. It is also strongly intimated that a violator of such an ordinance is a wrong-doer and necessarily negligent, and a person injured thereby is entitled to a civil remedy. The distinct point now raised was not, however, fairly presented by the charge to which exception was taken, which was not otherwise erroneous. In *Beisegel* v. *N. Y. C. R. R. Co.* (14 Abb. Pr. [N. S.] 29) it was held that it was some evidence of negligence to show that an ordinance was violated, and the charge of the judge upon the trial to that effect was upheld. In *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 522), it was laid down that the violation or disregard of an ordinance, while not conclusive evidence of negligence, is some evidence for the consideration of the jury. In *Massoth* v. *D. & H. Canal Co.* (64 N. Y. 524), the cases are reviewed, and it was said to be an open question in this court whether the violation of a municipal ordinance was negligence *per se;* and it was held that the city ordinance being submitted to the jury with the other evidence as bearing upon the question, but not as conclusive, there was no error in the parts of the charge excepted to. The result of the decisions, therefore, is, that the violation of the ordinance is some evidence of negligence, but not necessarily negligence. The judge not only assented unqualifiedly to the request made, but he also said that it was negligence; and thus went further than to hold, within the cases cited, that it was evidence of negligence.

The counsel for the plaintiff urges that even if erroneous, the charge worked defendant no injury. This position is based upon the theory that as the question was submitted to the jury as one of fact, whether the team was left loose and unattended, and as the judge had charged that the ordinance adds very little to what would have been the rule without it, and that it was negligence to leave a horse untied or not in charge of some one, in a public street, whether there is an ordinance or not, they must have found that they were so left, and, therefore, the plaintiff was entitled to a verdict. The difficulty about this position is, that the question, whether leaving the horses untied was negligence, was one of fact depending upon the circumstances attending the case, and while the jury may have found in favor of the defendant as to this, their verdict may have resulted from the charge made as to the effect of the ordinance. It cannot, therefore, be said that by the portion of the charge which has been considered the defendant was not prejudiced.

For the error in the charge, without considering the other questions raised, the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except MILLER and DANFORTH, JJ., dissenting, and RAPALLO, J., absent.

Judgment reversed.