KATHLEEN HICKEY, BY NICHOLAS HICKEY, HER GUARDIAN AD LITEM, RESPONDENT, v. JOHN D. TAAFFE, APPELLANT.

*Negligence — liability of one who employs a child under fourteen years old in a dangerous business — 1876, chap. 122 — Contributory negligence of a child.*

The plaintiff, a girl about fourteen years old, was employed by the defendant in his steam laundry. She was first employed to sort and prepare collars for washing. Subsequently she was employed to feed collars and cuffs into an ironing machine, which consisted of two pair of iron rollers, one in front of the other. The rollers revolved one upon the other under a heavy pressure, and the collars and cuffs inserted between the first pair of rollers were drawn through and received by another employe from the second pair. While the plaintiff was attempting to take a lap out of a collar she had placed between the rollers her hand was caught, drawn between them, and severely injured.

In an action by her to recover the damages so sustained:

*Held,* that it was for the jury to say whether the plaintiff was engaged in a business or vocation dangerous to her life or limbs, within the meaning of section 1 of chapter 122 of 1876, making it a misdemeanor for any person to employ any child under sixteen years of age in such a business or vocation.

That if the employment of the plaintiff was a violation of the said act the defendant was liable for the damages she had sustained, provided that the jury should find that she had not, taking into consideration her youth, been guilty of contributory negligence.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The defendant is the owner of a steam laundry in Brooklyn. The collars and cuffs are ironed by machinery propelled by steam power. The defendant employs a number of girls to work the machines and prepare the goods for ironing. About the 1st day of April, 1882, the plaintiff, who was then a little over fourteen years of age, was employed by the defendant's sister, who was acting as defendant's forewoman, to " bunch " collars and cuffs preparatory to their being washed. She worked at this for about two months at two dollars a week. About the 1st day of June, 1882, defendant's forewoman, Miss Taaffe, set the plaintiff to work on a machine known as " The Troy Collar and Cuff Ironer." This machine is composed of four rollers, two in front and two in the rear, all worked by cog-wheels at the ends. The bottom roller in front and the top roller in the rear are hollow in the center to admit of a row of gas lights running through them by which they are heated to 250 or 300 degrees of heat, sufficient to iron collars and cuffs. The other two rollers are much larger. They are covered with canvas or muslin. The rollers are pressed together by weights suspended at the bottom of the machine. It requires two operators to work the machine, one in front to put the collars and cuffs in, the other in the rear to receive them. Plaintiff worked at the front. There was no " shipper " or " lever " on the machine with which to stop or start it on the day on which plaintiff was injured. It had to be stopped by throwing off a belt with the hand. The plaintiff was directed by defendant's forewoman to feed the machine by putting the ends of the collars and cuffs in between the rollers. The rollers revolved at a rapid rate and drew the goods in as soon as caught.

Evidence was given tending to show that on July 26, 1882, while plaintiff was working the machine a collar with the end turned down or lapped had just got caught in the rollers before she discovered the lap. She attempted to take the lap out before it got through. Her finger became entangled in the buttonhole and her hand was quickly drawn in between the heated rollers and was there crushed

and burned. This action was brought to recover damages for the injuries so sustained.

*Gerard B. Van Wart*, for the appellant.

*P. Keady*, for the respondent.

BARNARD, P. J.:

It is the general rule that an employe assumes the risks of the employment. (*DeGraff* v. *N. Y. C. and H. R. R. R. Co.*, 76 N. Y., 125.) If the master provides safe implements for the employment he is not liable for injuries sustained by the servant in the course of the employment. This rule governs cases where the means used are of the greatest power. The master is not required to furnish the safest machinery in use. He may select and provide such as he chooses, provided only they are well made, strong and safe. In the present case this rule has been changed by statute. By chapter 122 of the Laws of 1876, it is provided that if any person use a child under the age of sixteen years in any business dangerous to the life and limb of such child, he shall be guilty of a misdemeanor. It is also in the same act provided that if one who has the care and custody of a child shall willfully cause or permit the child to be placed in such a situation that its life may be endangered he shall be guilty of a misdemeanor. This act made a new rule of duty in respect to children under the age of sixteen. The plaintiff was fourteen years and four months old. She was employed by the defendant and at first was put at an employment suitable to children, then she was put to feed an ironing machine; her duty was to put collars and cuffs so that the machine should take them between large metal rollers which would, by great pressure, draw the article between the rollers and by heavy pressure complete the process of ironing. The articles were damp and starched and of necessity limber. The girl had to take such an article and hold it near enough to the machine to be caught between the rollers. Upon the occasion in question her hand was drawn in between the rollers and destroyed. The duty imposed on the master is not answered solely by a criminal punishment for a misdemeanor. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y., 488.) A violation of an ordinance of a city, restricting rate of speed, is there held to

be some evidence of negligence, even if the ordinance provided a penalty for its violation. In *Willy* v. *Mulledy* (78 N. Y., 310) a private action was given under a law which provided that its violation should be a misdemeanor. The statute then imposed a rule of duty upon the defendant which will sustain an action in favor of any one injured by the violation of it. The negligence upon the part of defendant is absolutely made out if the occupation to which the girl was put fell within the law of 1876. That was a question for the jury; the machine is described minutely, its power is manifest and the manner of operating it fully described. Upon this part of the case the verdict is abundantly sustained. Great stress is put by the appellant upon the question of contributory negligence upon the part of the plaintiff. This question is one for the jury, and the age of the child is a fact to be duly considered. When it is improper to nonsuit the verdict will be upheld, and a nonsuit in this case would not be permitted. (*McGovern* v. *N. Y. C. and H. R. R. R. Co.*, 67 N. Y., 417; *Barry* v. *N. Y. C. and H. R. R. R. Co.*, 92 id., 289.) The judgment of a child of the plaintiff's age is immature. The watchfulness which springs from a sense of danger is not to be expected to the same extent as in persons of mature years. The statute meant to protect them from being exposed to danger. For these reasons the judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.