MARINO v. LEHMAIER.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. MASTER AND SERVANT—EMPLOYMENT OF CHILD—LIABILITY FOR INJURY.
   Where a boy 12 years old, employed as a messenger, is directed by his master to work in the factory, in violation of Laws 1897, c. 415, § 70, prohibiting the employment of children under 14 years of age, and the child is injured, there is sufficient evidence of the master's negligence to take the case to the jury, since the master's wrongful act in placing the child at work in the factory is the proximate cause of the injury.

2. SAME—FACTORY LAW—WAIVER.
   Where a boy 12 years old, employed as a messenger, is placed at work by his master in the factory of the latter, in violation of Laws 1897, c. 415, § 70, the act of the child in working therein is not a waiver of the protection of the statute, as a matter of law, which will relieve the master from liabilty for an injury received by the child therein.

Appeal from trial term, New York county.

Action by Vito Marino, by his guardian ad litem, against Louis A. Lehmaier, for injuries received while in the employ of defendant. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William McArthur, for appellant.

Maurice Sichel, for respondent.

INGRAHAM, J. We agree with the court below that there was no evidence to show that the injury to the plaintiff was caused by the negligence of the defendant, unless the evidence that the plaintiff was employed in a factory in violation of section 70 of the labor law (chapter 415, Laws 1897) justified a finding that the defendant was guilty of negligence. By that section it is provided that a child under the age of 14 years shall not be employed in any factory in this state. The complaint alleged that the plaintiff was an infant of the age of 12 years, and the defendant's counsel on the trial admitted the age as alleged in the complaint. This statute was passed as a police regulation to protect children of tender age from being employed in dangerous or unhealthy avocations. It was not passed for the benefit of employers or for the protection of the machinery, but for the protection of children. The defendant employed the plaintiff, a child 12 years of age, first as an errand boy, which was not a violation of the statute, and then placed him in charge of a machine in a factory, which was in violation of the statute, and thus exposed him to the very dangers from which the statute was designed to protect him. Just how the accident happened is not explained by the testimony; but,. as the complaint was dismissed, we must assume that the testimony of the plaintiff was true, and that, while cleaning this machine after it had been stopped, in some way his fingers were caught in the cogwheel and he was injured. If the defendant had complied with this statute, and had not employed this child in the factory, the injury would not have happened; and thus placing the child at work upon a machine in violation of the statute was the proximate cause of the injury.

It seems to be settled in this state that an injury which results from the violation of the provisions of a statute is evidence of negligence. In Knupple v. Ice Co., 84 N. Y. 488, the accident was caused by the defendant's servant leaving an ice wagon unattended in the street without being securely tied, in violation of an ordinance of the city of Brooklyn; and, after an examination of the authorities, it was held that the violation or disregard of an ordinance, while not conclusive evidence of negligence, is some evidence for the consideration of the jury. By section 18 of the labor law, supra, it was provided that an employer of labor shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffoldings which are unsafe, unsuitable, or improper; and it was held in Stewart v. Ferguson. 164 N. Y. 553, 58 N. E. 662, that the fall of a scaffold, in the absence of evidence of other producing cause, points to the omission of the duty enjoined by the statute

upon the defendant, and was circumstantial evidence which justified a verdict that the defendant was negligent. Many other cases could be cited to establish the same principle. Several of them are collated and discussed in the case of Pitcher v. Lennon, 12 App. Div. 356, 42 N. Y. Supp. 156. Under these authorities, it would seem to be established in this state that where an employer of labor violates a statute regulating such employment, and an accident happens as a proximate cause, it is at least evidence which justifies a jury in a finding of negligence on the part of the defendant. The case of White v. Lithographic Co., 58 Hun, 382, 12 N. Y. Supp. 188, affirmed by the court of appeals in 131 N. Y. 631, 30 N. E. 236, is not an authority against this view. In that case the court charged the jury that the plaintiff could not avail himself of a violation of this law, "because he went there and sought this employment." Upon appeal to the court of appeals it was held that the only statute upon the subject in force at the time of the accident was that prohibiting the employment of children under the age of 13 years, and, as the plaintiff was confessedly over 13 years of age, his employment was not in violation of any statute as to age. In Willy v. Mulledy, 78 N. Y. 314, 34 Am. Rep. 537, the court say:

"It is a general rule that whenever one owes another a duty, whether such duty be imposed by voluntary contract or by statute, a breach of such duty, causing damage, gives a cause of action. Duty and right are correlative, and, where a duty is imposed, there must be a right to have it performed. When a statute imposes a duty upon a public officer, it is well settled that any person having a special interest in the performance thereof may sue for a breach thereof causing him damage, and the same is true of a duty imposed by statute upon any citizen."

The cases all establish the proposition that, where a duty is imposed upon a citizen by statute, a violation of that duty, causing damage, gives to the person injured a right of action, upon the ground that the violation of the statute was evidence of negligence. The question as to whether this right to hold the defendant liable for negligence in violating a statute has been waived by the parties seeking to enforce the right is not presented in this case, as here the original employment was as a messenger, which would not be in violation of the statute; and the evidence of the plaintiff is that, after he had been engaged two or three months as an errand boy, he asked for an increase of wages, and then the defendant told him that they needed him upstairs at "the printing machine, and they asked me if I would like to go up there, and the foreman put me up there. They put me on a Gordon machine. I worked that machine three months, or two and a half." Here the plaintiff was put to work by the defendant upon this machine in violation of the statute, not by his own request; and this was not, as a matter of law, a waiver of his right to hold the defendant liable.

I think that there was a case for the jury as to the defendant's negligence, and that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.