### H. E. TAYLOR & CO. v. METROPOLITAN ST. RY. CO.

#### (Supreme Court, Appellate Term. June 22, 1903.)

1. STREET RAILWAY—CROSSINGS—DAMAGE TO VEHICLE—RULES OF THE ROAD.
   In an action against a street railway company for damage done to plaintiff's vehicle by collision at a crossing, it was error to exclude the ordinance entitled "Rules of the Road," providing that all vehicles going in a northerly or southerly direction have the right of way over any vehicle going in an easterly or westerly direction.

2. WITNESSES—CROSS-EXAMINATION—INTEREST.
   A witness may be cross-examined as to facts showing his favor towards the party calling him, the extent of his own interest in the case, and his bias, although the range of examination may be limited by the trial judge.

Appeal from City Court of New York.

Action by H. E. Taylor & Co. against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry A. Robinson (Bayard H. Ames and F. A. Gaynor, of counsel), for appellant.

Joseph I. Green, for respondent.

MacLEAN, J. In this action for damages negligently done, as alleged, the plaintiff's vehicle, going easterly along Seventy-Ninth street, by colliding with a street car of defendant going southerly upon Third avenue, the learned court excluded the municipal ordinance offered in evidence, entitled "Rules of the Road—Right of Way," and ordaining that in all public streets and highways of this

city all vehicles going in a northerly or southerly direction shall have the right of way over any vehicle going in an easterly or westerly direction. This was reversible error. Disregard of the duly established rule of the road would not necessarily constitute contributory negligence in the driver, but, if found, it would be a circumstance within the consideration of the jurors, as every man proceeding lawfully may rightfully assume that others will conform their conduct to the requirements of statute and regulations having the force of statute. Knupple v. Knickerbocker Ice Co., 84 N. Y. 488. Moreover, it was also error to exclude inquiry into the amount of the claim of the plaintiff's chief witness against the defendant. A witness may be cross-examined as to facts showing his favor towards the party calling him, the extent of his own interest in the case, and his bias, although the range of examination may be limited by the trial judge. For these errors the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.