NATHAN SCHLOMOWITZ, Appellant, *v*. LEHIGH VALLEY RAILROAD COMPANY, Respondent.

First Department, June 2, 1922.

Negligence — imputed negligence — action for personal injuries sustained on lighter — plaintiff and captain of lighter not engaged in joint enterprise — plaintiff merely volunteered to assist captain — error for court to charge jury that, if they found joint enterprise, negligence of captain imputable to plaintiff — evidence required submission to jury of questions of defendant's negligence and plaintiff's freedom from contributory negligence.

In an action to recover for personal injuries received by the plaintiff while engaged in assisting to move a lighter across a slip to another mooring place, it was reversible error for the court to charge that, if the jury found that the plaintiff

and the captain of the lighter were engaged in a joint enterprise in moving the lighter, then any negligence of the captain would be imputable to the plaintiff for, under the circumstances, there was no such joint enterprise, the plaintiff having merely volunteered to assist the captain. The error cannot be overlooked on the theory that the evidence was insufficient to take the case to the jury on the issues of the plaintiff's freedom from contributory negligence and the defendant's negligence, as the evidence was such that it required the submission of those issues to the jury.

MERRELL and DOWLING, JJ., dissent, with opinion.

APPEAL by the plaintiff, Nathan Schlomowitz, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of May, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of May, 1920, denying plaintiff's motion for a new trial made upon the minutes.

*Feltenstein & Rosenstein* [*Joseph Levy* of counsel], for the appellant.

*Alexander & Green* [*Clifton P. Williamson* of counsel], for the respondent.

LAUGHLIN, J.:

I am of opinion that the court erred in instructing the jury, if they found that the plaintiff and the captain of the lighter, which had on board hay belonging to the plaintiff who had come to the dock for the purpose of removing it, were engaged in a joint enterprise in handling, managing and moving the lighter from the end of the dock across the slip to another place of mooring, then any negligence on the part of the captain would be imputable to the plaintiff and he would not be entitled to recover. In the circumstances I think there was no joint enterprise between the captain of the lighter and the plaintiff. The plaintiff was merely there to receive his hay from the captain of the lighter; and the captain having determined to move the lighter from the end of the pier across the slip, before allowing the removal of the hay, and appearing to be unable to handle the lighter alone, the plaintiff volunteered to give him an assisting hand and boarded the lighter for that purpose only. If the instructions were erroneous, manifestly they were prejudicial to the plaintiff. The only possible theory on which the error could be overlooked would be if the evidence was insufficient to take the case to the jury on the issues with respect to the plaintiff's freedom from contributory negligence and the defendant's negligence. One Liebman, a witness called for the plaintiff, testified that the captain of the defendant's tug was duly and timely warned of the danger of a collision with the lighter, on board of which the plaintiff was working, if he continued on his course without affording those in charge of the lighter an opportunity

to change her position, and there is evidence tending to show that this warning was not heeded. The plaintiff testified that he was engaged at the time of the collision in turning the winch in assisting in changing the location of the lighter. I think the evidence required the submission of those issues to the jury.

I am of opinion, therefore, that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

SMITH and GREENBAUM, JJ., concur; MERRELL and DOWLING, JJ., dissent.

MERRELL, J. (dissenting):

The action is to recover for personal injuries claimed to have been sustained by the plaintiff by reason of the negligence of the employees of the defendant, Lehigh Valley Railroad Company, in the operation of a tugboat and floats in Wallabout Basin, Brooklyn, on January 6, 1917. The plaintiff, at the time of the accident, was seventeen years of age. He testified that for nine or ten months prior to the accident he had been engaged in the business of buying and selling hay. On either the day in question or the day prior thereto there had been consigned to him from the Central Railroad of New Jersey a lighter-load of baled hay. About nine o'clock on the morning of January 6, 1917, the plaintiff went to pier No. 4, Wallabout Basin, to the head of which the lighter bearing his hay was moored, with two horse-drawn trucks, one driven by himself and the other by an employee, for the purpose of unloading said hay from the lighter. There was a provision of the Greater New York charter (Laws of 1901, chap. 466, § 879) in force at the time which made it unlawful to moor any vessel, barge or lighter to a pierhead. A similar provision was also contained in the Code of Ordinances of the City of New York (Chap. 8, art. 8, § 121). This charter provision and ordinance were adopted in order to prevent interference with traffic in the waters about the city. Wallabout Basin, at the point of the accident, from the pierhead to the bulkhead on the opposite shore, was about one hundred fifty feet in width. This hay lighter was about twenty-six feet in width, and on the opposite side of the basin along the bulkhead were moored at least two other barges. As the plaintiff was about to remove his hay from the lighter, the dockmaster directed the captain of the lighter to remove the lighter from the pierhead, and suggested that it be taken across the basin to the Clinton avenue side. In order to comply with such direction, the captain of the lighter, which lay alongside the head of pier No. 4, unloosed the moorings of the lighter

and taking a cable attached to a winch upon the cabin aft, passed the same over a pulley-block and around the front end of the lighter and hitched it to a coal barge moored on the northerly side of pier No. 4, and which also extended out into the basin somewhat from the head of the pier. Having done this, he started to operate the winch on the cabin of the lighter for the purpose of swinging the lighter out into the basin. The plaintiff, who was present, came aboard the lighter and assisted in operating the winch. There is a dispute in the evidence as to the reason of plaintiff's participation in such operation. The plaintiff testified that the captain ordered him aboard the lighter and to assist him in working the winch, whereas, the captain testified that the plaintiff came aboard voluntarily and without any request on his part took hold of one of the handles to the winch, and helped to work the same. After the prow of the lighter had swung out into the basin somewhat, there was observed approaching from the north the defendant's tugboat convoying on either side a float containing freight cars. The tug and its floats were about two hundred forty-six feet long and were sixty to eighty or ninety feet in width, depending upon whether there was a float on each side of the tug, or only on one side, concerning which the evidence is somewhat conflicting. The captain of the lighter testifies that he saw at once that the tug and the floats that it was convoying would be unable to pass if the lighter stuck out into the basin. He, therefore, told the plaintiff that they would have to stop hauling on the winch, and for the plaintiff to get away from the winch and let the hay lighter resume its original position alongside the head of the pier, so that the defendant's tug and the floats could pass. At the same time the captain signalled the tug, and almost immediately it shut off its power, put its engines into reverse and came to a standstill. There was a heavy wind blowing from the west at the time, which, in a few minutes, caused the tug and the floats to swing around against the lighter, forcing it against the pierhead and causing the winch to unwind rapidly. The plaintiff testified that he was winding at the winch at the time and that it was pulled out of his hand and the handle flew around, striking him in the mouth, and breaking one of his arms, and causing the injuries for which he sued.

The testimony of the defense, however, is to the effect that the captain of the lighter told the plaintiff to get away from the winch when he saw the tug and floats coming. A witness upon the approaching craft testified that the plaintiff was away from the winch, but that when the tug and floats were driven up against the hay lighter the winch was caused to revolve rapidly and the

plaintiff made an effort to grab hold of the handles, and was struck and received his injuries in that manner. The testimony is all to the effect that the contact between the tug and floats and the hay lighter was very slight, causing no injury whatever to the lighter.

After hearing the evidence the jury rendered a verdict in favor of the defendant, finding that there was no actionable negligence, or that plaintiff's own acts contributed to the accident and precluded a recovery. The plaintiff urges that under the doctrine of *res ipsa loquitur* he established a *prima facie* case which called upon the defendant for explanation, and thus presented a question for the determination of the jury. I do not think the facts of this case call for the application of the rule of *res ipsa loquitur*. Moreover, the evidence clearly explained the manner in which the accident occurred, and I am unable to discover any theory under which the same may be attributed to any negligence on the part of the defendant.

The only ground upon which the judgment is attacked is for alleged errors in submitting the case to the jury. An examination of the charge of the court and the court's action upon the various requests to charge by the respective parties convinces me that no error was committed which was prejudicial to the plaintiff in any way. At the close of an eminently fair charge certain requests to charge were made, first by the defendant. No error is claimed as to the action of the court in passing thereon, except as to defendant's sixth request. Counsel for the defendant in such request asked the court to charge the jury: " That in considering the question of defendant's negligence, the jury may take into consideration the fact that it was unlawful for any barge, lighter or other vessel to lie at the end of this dock, and that if the lighter had been injured by defendant's tug and float while going to the adjacent pier, the defendant would not have been liable to the Central Railroad Company of New Jersey, the owner of the lighter. This may be considered on the question of whether the captain of the tug was negligent in attempting to pass the point in question under the conditions which existed." The court charged as requested, to which plaintiff's counsel duly excepted. I think there was no error in such charge. If there was a violation of a charter provision or of a city ordinance having the force of a statute and if such violation was in anywise connected with the *res gestœ*, it might be considered as some evidence, at least, of negligence. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Amberg* v. *Kinley*, 214 id. 531; *Martin* v. *Herzog*, 228 id. 164.) Moreover, the captain of the tugboat was justified in assuming that the city charter and ordinance would be observed.

Counsel for the plaintiff also asked the court to charge the jury that the plaintiff was rightfully on the lighter. This the court properly refused to do upon the ground that it was a matter for the jury to decide.

Counsel for the plaintiff then requested the court to charge the jury that, on account of the captain of the lighter failing to object to the plaintiff's presence there, he was there by the captain's permission. This the court declined, but charged that this circumstance the jury would take into consideration in arriving at its verdict. I do not think the court was called upon to charge as requested, for, although the captain of the lighter may not have objected to the presence of the plaintiff, it does not necessarily follow that the plaintiff had the captain's permission to remain upon the lighter.

Counsel for the plaintiff excepted to that part of the court's charge wherein the court stated that if the captain of the lighter was negligent his negligence was imputable to the plaintiff, and that the plaintiff could not recover. The charge of the court to which such exception was taken, with the context, was as follows:

" I charge you as matter of law, if you find that in undertaking to manage this piece of machinery that this plaintiff was guilty of negligence, or contributory negligence, or contributed in any way to the injury that resulted, he cannot recover.

" Furthermore, if you find that both this plaintiff and the captain were engaged jointly in handling and managing that boat, for the purpose of bringing it over from the place where they were to another place designated, that if the captain of that lighter was guilty of any negligence in handling the boat, that negligence is imputable to this plaintiff, and he cannot recover.

" That is the question that is at the basis of this whole action. If you find that there was anything done by the plaintiff which contributed to cause the injury which he received, or if his negligence contributed in any way to the accident, then he cannot recover."

I do not think there was any prejudicial error committed by such charge. While perhaps the charge was uncalled for, as there was no basis in the evidence for any claim that the captain of the lighter was negligent, nevertheless, I do not think that the plaintiff was injured thereby. The charge, as a whole, was correct, and what the court intended to instruct the jury and what the jury undoubtedly understood was that if plaintiff's injuries resulted in any way from his own negligence contributing thereto there could be no recovery. Following the statement of the court in this charge that if the captain of the lighter was guilty of any negligence in handling the boat that negligence was imputable

to the plaintiff and he could not recover, the court, with reference to said charge, instructed the jury as follows: " That is the question that is at the basis of this whole action.  If you find that there was anything done by the plaintiff which contributed to cause the injury which he received, or if his negligence contributed in any way to the accident, then he cannot recover."

Under such specific instructions the court clearly limited what it had said with reference to the negligence of the captain being imputable to the plaintiff.  The jury, from the instructions given in this respect, could not have gotten a wrong impression as to the law.  Technically, I think such instruction was correct.  Under such charge, before the jury could impute the captain's negligence to the plaintiff, they were required to find as a fact that the plaintiff jointly with the captain had undertaken the management of the lighter.  On this point the evidence was conflicting.  Plaintiff claimed he was doing only what the captain ordered him to do, while the captain testified that the plaintiff was in a hurry to get his hay off the lighter and, when the dockmaster ordered the lighter away from pier No. 4, the plaintiff was present and asked him why it could not be moved to the other side of the basin, and as soon as the operation was started the plaintiff voluntarily came aboard the lighter and joined hands with the captain in working the winch.  It was the duty of the plaintiff, as consignee of the hay, to provide a berth for the lighter.  The captain testified that the only direction he gave to the plaintiff was to let go of the winch handle and get away from it, when he saw the defendant's tug and floats approaching.  If the plaintiff voluntarily joined hands with the captain in the undertaking of moving the lighter, I think the negligence of his partner was imputable to him.  But, inasmuch as there was no basis in the evidence for any claim of negligence on the part of the captain of the lighter, the court's instruction could not have prejudiced the plaintiff.

Exception was also taken by counsel for the plaintiff to the court's charge that the jury might consider the provisions of section 879 of the Greater New York charter relative to mooring craft at pierheads, and that the jury might consider such circumstances, if they believed there had been a violation of such charter provision. Exception was also taken by counsel for the plaintiff to the charge of the court that if plaintiff failed to let go of the winch when ordered to do so by the captain, he was guilty of contributory negligence as matter of law, and could not recover.  I think no reversible error occurred in either of those respects.

A careful examination of the evidence presented at the trial convinces me that the jury could not have properly returned a

verdict other than it did. The plaintiff has sued to recover damages for the negligence of the defendant and does not point out in what respect the crew of defendant's tug were in any way negligent. Indeed, I think the court should have granted defendant's motion to dismiss the complaint at the close of the plaintiff's case, upon the ground that the plaintiff had failed to establish any negligence on the part of the defendant in the operation of the tug and carfloats in question, or to connect the plaintiff's injuries with any negligence on the part of the defendant in connection with such operation. Under such circumstances, I am unable to conclude that the plaintiff suffered any prejudice by reason of the manner in which the court submitted the issues to the jury.

The judgment and order appealed from should be affirmed, with costs.

DOWLING, J., concurs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.