## KLEIN v. GARVEY.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. MASTER AND SERVANT—GUARDS FOR MACHINERY.

An employer who directed a servant not to adjust the guards on a planing machine which he was operating, in changing from one class of work to another, violated Laws 1897, p. 480, c. 415, § 81, providing that all machinery shall be properly guarded.

2. SAME—ASSUMPTION OF RISK—QUESTION FOR JURY.

Where a servant had operated a planing machine only twice, and had not been warned of the danger of operating it without properly adjusting the guard, and, at the direction of his employer, operated it without so adjusting the guard, it was a question for the jury whether he assumed the risk of an injury therefrom.

Appeal from Trial Term, New York County.

Action by Jacob Klein against Martin T. Garvey. From a judgment dismissing the complaint after trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Julius H. Cohn, for appellant.
Alvin C. Cass, for respondent.

VAN BRUNT, P. J. Notwithstanding the inordinate length of the appellant's miscalled brief, we think that the plaintiff was entitled to go to the jury upon the questions raised by the evidence produced at the trial. The plaintiff was an Austrian by birth, and had been a carpenter ever since his boyhood. He came to this country in 1894, when he was about 30 years old. His work as a carpenter had been confined to handwork, and he had not been accustomed to working machines operated by power. At the time of the accident he had been about 4 years in the employment of the defendant. He was injured while working at a machine called a "planer." The defendant had two shops—one at 59 New Bowery, where the plaintiff had been working until about 5 weeks before the accident. He was then removed to the other shop, at 34 New Bowery. Until this time he had been a hand carpenter exclusively. In the shop at 34 New Bowery he had been working all the time in the same room in which the planer was operated. The first time that he had anything to do with the planer was about 10 or 12 days before the accident. He was told to work on the planer by the defendant, when, as he swears, he told the defendant that he had never worked on the machine, who replied, "Any carpenter can do this work." He then went to work on the machine, and operated it for three-quarters of an hour, planing timber running from 18 inches to 3 feet long. The next experience of the plaintiff with the planer was 2 days before the accident. The defendant told him to go to work on the machine, and the plaintiff stated: "Mr. Garvey, I worked before. I spoiled a couple of pieces of lumber stuff." To which Mr. Garvey replied: "Never mind. You will work the next time better." He then went to work upon the machine, and worked about an hour and a half, on lumber 3 or 4 feet long and seven-eighths thick. On the day of the accident the plaintiff commenced to work on the planer at about half past 1 in the afternoon. The accident occurred after he had been working about an hour and a half. He worked planing lumber from 19 inches to 4 feet long by seven-eighths of an inch thick, and 10 inches wide. The defendant then brought to the plaintiff some brackets 6 inches wide to be planed. The plaintiff adjusted the guard of the machine and did this work, which took about two minutes. Some other brackets were to be planed, but they were not ready, and the plaintiff went back to work on the seven-eighths stuff. He began to rearrange the guard or klapper, as he called it, so as to fit the machine to seven-eighths stuff, when, as the plaintiff testifies—and we must take his evidence as true—Mr. Garvey said to him:

"Never mind. Leave the klapper the same way, because you bother the whole day. There is no time for bother, because I am very busy, and leave it stay the same way. Do not bother all day with that klapper."

This klapper was a guard upon the machine, which, when adjusted, left exposed only the part of knives which planed the board. The piece that the plaintiff started to plane was 14 feet long, 10 inches wide, and seven-eighths of an inch thick—oak. The board, being very long and heavy, required the exertion of considerable force to keep the end to be placed down upon the knives. After the board had gone 2 or 3 feet over the knives, it jolted, and caused one of the plaintiff's hands to slip, and, the knives being exposed because of the want of regulation of the guard, it was caught in the knives, and the plaintiff's fingers were cut off. And it is to recover damages for this injury that this action is brought. The complaint was dismissed upon the trial at the close of the plaintiff's case, and from the judgment thereupon entered this appeal is taken.

It is urged upon the part of the defendant that there is no negligence shown upon his part, and that whatever danger there was in the operation of this machine was obvious, and that the plaintiff took the risk. We do not think that these positions of the defendant are well founded, for the reason that it appears that the plaintiff had worked but little upon this machine, and there is no evidence that he had ever been told of its dangers; and, further, when he attempted to take the necessary precautions by the adjustment of the guard placed upon the machine in accordance with the provisions of the statute, he was told by the defendant to desist, and to use the machine without the guard properly arranged, which was the cause of the accident. The use of the machine in this way was a direct violation of the statute (section 81, c. 415, p. 480, Laws 1897). This section reads as follows:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, setscrews and machinery of every description shall be properly guarded. No person shall remove or make ineffective any safeguard around or attached to machinery, vats or pans while the same are in use, unless for the purpose of immediately making repairs thereto, and all such safeguards so removed shall be properly replaced."

The proper guard was provided for use on this machine, and its use was dispensed with pursuant to the instructions of the defendant, if we are to believe the plaintiff's evidence; and a man who had but little experience in the use of the machine was told to use this machine in this dangerous condition. In view of this violation of the statute, it seems to us that it was a question for the jury to determine whether the plaintiff was shown to have such acquaintance with the dangers of the machine in this condition that he could be said to have assumed the risk. It was the duty of the defendant not only not to direct the use of the machine without its being properly guarded, but to forbid its use in such a condition.

It would seem, therefore, that it was improper to dismiss the complaint, and that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.