## DAVENPORT v. OCEANIC AMUSEMENT CO.

(Supreme Court, Appellate Division, Second Department.   May 7, 1909.)

1. MASTER AND SERVANT (§ 250*) — INJURIES TO SERVANT—ACTIONS—COMMON-LAW RIGHT OF ACTION—APPLICABILITY OF EMPLOYER'S LIABILITY ACT.

An action by a servant against a master for injuries from the alleged failure of the master to promulgate rules for the government of its employés is a common-law action, and plaintiff cannot gain any aid from the employer's liability act (Laws 1902, p. 1748, c. 600) ; it having no application to common-law actions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 805 ; Dec. Dig. § 250.*]

2. MASTER AND SERVANT (§ 219*) — ASSUMPTION OF RISKS — OBVIOUS RISKS OF EMPLOYMENT.

Where plaintiff was employed to descend a rope from a structure representing a five-story building afire, in a spectacular performance, and had the same opportunity as the employer to discover the danger to be anticipated from some one grabbing the lower end of the rope and throwing her against the building, she assumed the danger as an obvious risk of the employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 622 ; Dec. Dig. § 219.*]

3. MASTER AND SERVANT (§ 141*) — INJURY TO SERVANT — DUTY TO FORMULATE RULES.

Nothing having occurred prior to the accident to show that the descent by the rope as operated was not a reasonably safe act, the chance that plaintiff would be injured, as she was, was not a danger to be reasonably anticipated, so as to make it the duty of the master to formulate rules forbidding other employés from touching the rope during the descent.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 283 ; Dec. Dig. § 141.*]

4. NEGLIGENCE (§ 4*)—ACTIONABLE NEGLIGENCE—TEST.

The test of actionable negligence is, not what might have prevented a particular accident, but what reasonably prudent and careful men would have done in the discharge of their duties under the circumstances as they existed at the time of the accident.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 6 ; Dec. Dig. § 4.*]

Gaynor, J., dissenting in part.

Appeal from Trial Term, Kings County.

Action by Rose Davenport against the Oceanic Amusement Company.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

Samuel S. Whitehouse, for appellant.
Frederick N. Van Zandt, for respondent.

WOODWARD, J.   The plaintiff was employed to assist in the production of a spectacular performance at Coney Island, known as "Fighting the Flames."   A five-story building is represented as being on fire.   The plaintiff is taken from a fifth-story window by one

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Conyes, representing a fireman, and carried down a rope. At the same time other inmates of the building are jumping from windows into a netting. On May 19, 1905, while the plaintiff was performing her act, one Annie Leonard was employed to jump from a lower window, and on landing in the netting, and in getting out of the same upon a coping or board walk erected around the same for the purpose of enabling the performers to get to the floor below, she grabbed hold of the rope on which Conyes and the plaintiff were coming down, and they were thrown against the walls of the building; the plaintiff sustaining injuries for which the jury has awarded her substantial damages. The defendant appeals from the judgment, and from an order denying a motion for a new trial.

While the complaint alleges the giving of a notice, and the plaintiff was permitted to put in evidence a copy of a notice served upon the defendant without objection, neither the notice served nor the allegations of the complaint bring the case within the provisions of the employer's liability act, for the reason that the negligence relied upon constitutes a common-law action, and consists in a failure on the part of the defendant to promulgate rules for the government of its employés. This is the only tenable theory on which the plaintiff can stand, and she cannot gain any aid from the employer's liability act (Laws 1902, p. 1748, c. 600); for the law is well established that that act has no relation to the common-law right of action. The evidence showed that the plaintiff had been performing this same act for five days, five times each day, at the time of the accident. There was no suggestion that the rope and appliances used were defective in any way, and the only grounds of negligence seriously urged were that the defendant had failed to instruct Annie Leonard and other employés that they must not touch the rope on which the plaintiff was to descend, and that the defendant had failed to supply a man at the foot of this rope to see that it was not touched.

We are persuaded that the plaintiff, who could see the situation as clearly as the defendant, accepted the obvious risks of this employment, and that the danger to be anticipated from some one grabbing this rope were not of such a character as to call upon the defendant to anticipate it by rules or precautions, such as are now suggested. Conyes and the plaintiff had been performing this act for some time under the same circumstances, and it does not appear that it had ever occurred to either of them that there was any danger to be anticipated from the source from which this accident arose, or that it was one which had ever occurred before, or that it was one which must naturally result if any one should happen to lay hold of the rope. So far as we can gather from the record, this rope was carried by Conyes to the fifth-story window, there fastened to a hook, and the other end permitted to fall to the floor below; the "fireman" taking the plaintiff on his shoulder and sliding down the rope. It does not appear that the lower end of the rope was expected to fall within the net, or that in any of the previous performances any one had ever touched the rope, or that any fact had ever occurred to show that it was not a reasonably safe way to carry on this spectacular show.

We are of the opinion, therefore, that this being a common-law action, the plaintiff must be deemed to have accepted the risks of the employment, which were as open and obvious to her as to the defendant, and that the danger was not one to be reasonably anticipated, and that it was not, therefore, the duty of the defendant to have provided the safeguards which, since the accident, are suggested. The test of actionable negligence is, not what might have prevented the particular accident, but what reasonably prudent and careful men would have done in the discharge of their duties under the circumstances as they existed at the time of the accident; and, tried by this test, the plaintiff failed to establish her cause of action. The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.

JENKS, J., concurs. HIRSCHBERG, P. J., and BURR, J., concur in result. GAYNOR, J., concurs, except that he does not concur that the defendant was obliged to formulate rules or give directions not to touch the rope, as that the rope should not be touched was obvious to any one without any rule.

C. Walter Randall, for appellant.
Frederick N. Van Zandt, for respondent.

