PROCTOR v. ROCKVILLE CENTRE MILLING & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1910.)

MASTER AND SERVANT (§ 250*)—UNGUARDED MACHINERY—EMPLOYER'S LIABILITY ACT.

An employé injured by a saw not guarded as required by the labor law (Consol. Laws, c. 31), though having a cause of action at common law, might proceed under Employer's Liability Act, § 1 (Consol. Laws, c. 31, § 200), giving a remedy for injury from defect in the ways, works, or machinery owing to the employer's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 805; Dec. Dig. § 250.*]

Appeal from Trial Term, Nassau County.
Action by Earl B. Proctor against the Rockville Centre Milling & Construction Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.
Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and CARR, JJ.

Carl Schurz Petrasch, for appellant.
John Lyon, for respondent.

CARR, J.   Plaintiff has recovered a judgment against the defendant for the sum of $2,750 for personal injuries, alleged to have been caused through the negligence of the defendant, which at the time of the accident was plaintiff's employer.   The injuries which the plaintiff suffered were quite severe, and, if the judgment is otherwise justified, the damages are not excessive, and no point is made in appellant's brief in this particular.

Defendant operated a sawmill, and plaintiff was one of its employés. He testified that he was ordered by defendant's foreman to take some boards from a pile of lumber, and saw them into pieces for the making of a window sash.   His testimony is that the foreman ordered him to use a ripsaw, which was located on the first floor of the sawmill. While he was pushing the board against the ripsaw, a knot on the underside of the board, about a foot from the end nearer to him, came in contact with the teeth of the saw, and this caused the board to jump up, which, in turn, loosened his hold on the board, and caused his hand to come in contact with the unprotected teeth of the saw, dangerously mutilating his thumb and several fingers.   He gave notice to the employer, under the provisions of the employer's liability act (Consol. Laws, c. 31, §§ 200–204), specifying the ground of negligence on the part of the employer, that the machine in question

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was not guarded as provided by the labor law. There was no guard on this ripsaw, and in that respect the statute seems to have been violated. The chief controversy between the parties to this appeal arises upon the question whether or not the plaintiff can maintain this action under the provisions of the employer's liability act. The reason for this contention arises thus: The trial court submitted to the jury, as a question of fact, the question of assumption of risk on the part of the plaintiff, as provided by section 3 of the act in question. The appellant contends that the liability of the defendant, if any, was complete at common law, and therefore the plaintiff was not entitled to maintain this action under the statute last cited, and, if not so entitled, section 3 thereof, relating to assumption of risk, did not apply. While the briefs of the respective counsel are quite elaborate, and contain a large citation of authorities, there is no case in this state heretofore decided which sustains the claim of the appellant that this action was not maintainable under the employer's liability act. In fact, so far as the reported decisions go, the question does not seem to have arisen heretofore in this state on any similar state of facts. The plaintiff's contention is that, as the labor law required the machinery in question to be guarded, the failure to so guard the machinery constituted a defect in the machinery so far as the safety of the employé was concerned, and that, therefore, the action fell plainly within the provisions of subdivision 1 of section 1 of the statute in question, which reads as follows:

"Section 1. Where, after this act takes effect, personal injury is caused to an employé, who is himself in the exercise of due care and diligence at the time: (1) By reason of any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works or machinery were in proper condition."

In support of this contention, several English cases are cited (Tate v. Latham, 1897, 1 Queen's Bench Div. 502; Morgan v. Hutchins, 59 Law Journal, Queen's Bench, 197), and independently of them it is my judgment that the contention of the plaintiff is well based. If the action is maintainable under this section of the statute, then the other section of this statute applies to it, and the act of the trial justice in submitting the question of assumption of risk to the jury was proper. Defendant contends, however, that, inasmuch as plaintiff might have maintained the action had the employer's liability act never been enacted, the action must have been deemed to have been brought at common law, and not under the employer's liability act. To support this contention, a number of authorities are cited, many of them in this court. Davenport v. Oceanic Amusement Co., 132 App. Div. 368, 116 N. Y. Supp. 609; Simpson v. Foundation Co., 132 App. Div. 375, 116 N. Y. Supp. 878; McDonnell v. Robinson Co., 136 App. Div. 598, 121 N. Y. Supp. 47; Beauregard v. N. Y. Tunnel Co., 136 App. Div. 834, 121 N. Y. Supp. 865; Curran v. Manhattan Ry. Co., 118 App. Div. 347, 103 N. Y. Supp. 351.

I have examined carefully all of these cases, and not one of them

covers the proposition for which they are cited as authorities. In each one of them the cause of action was not covered by the language of the statute in question, and was primarily and exclusively one at common law. The language of the statute in question covers the cause of action pleaded in this action and proved at the trial. That such a cause of action did exist at common law is not exclusive of plaintiff's right to maintain it under the statute. While the statute in question created liabilities that did not exist at common law, it also, by section 3, gave to a plaintiff who maintained an action under its terms certain advantages or privileges not granted to those who did not avail themselves of its terms. By giving the notice required by section 2 of the act, he intended to so inform the defendant that he proposed to avail himself of all the privileges granted by the act. To adopt the construction asserted by the appellant, the language of subdivision 1 of section 1 of the statute, relating to the negligence of an employer, would have to be eliminated from the statute. I can see no reasonable basis on which such process of elimination could be made to rest.

I recommend, therefore, affirmance of the judgment and order, with costs. All concur.