### WESEL v. W. F. POWERS CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1911.)

1. MASTER AND SERVANT (§ 182*)—INJURIES TO SERVANT—FELLOW SERVANT—STATUTORY PROVISIONS.

    The employer's liability act (Laws 1902, c. 600), which by section 1, subd. 2, imposed a liability on the employer for an injury to a servant caused by the negligence of any employé exercising superintendence, whose principal duty was that of superintendence, or, in the absence of such superintendent, of any person acting as such by consent of the employer, did not define the whole measure of an employer's duty, but simply supplemented by specific provisions the rules of liability at common law.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 182.*]

2. MASTER AND SERVANT (§ 168*)—INJURIES TO SERVANT—NEGLIGENCE OF SUPERINTENDENT.

    Under Labor Law (Consol. Laws 1909, c. 31), § 200, subd. 2, as amended by Laws 1910, c. 352, an employer is not liable for injuries to an employé while adjusting a printing press to overcome a temporary defect, by the act of another employé under his direction in turning on too much electric power, on the theory of negligence of a superintendent in furnishing an incompetent assistant, where, though the assistant was not experi-

enced in the use of the particular kind of machine in question, he had been employed in that printing shop for several years, and there was no evidence of incompetency.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 168.*]

Appeal from Trial Term, Rockland County.

Action by Ernest E. Wesel against the W. F. Powers Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Frederick W. Catlin, for appellant.

Frank Comesky, for respondent.

CARR, J. The defendant appeals from a judgment against it for the sum of $880.47, entered on the verdict of a jury. The parties are servant and master, and the action was brought to recover damages for personal injuries arising from the alleged negligence of the defendant. At the trial the defendant offered no evidence, and the only question arising upon this appeal is purely one of law.

The plaintiff was in the employment of the defendant in its printing plant in the city of New York. He was a pressman, in charge of a large Whitlock press, which was operated by electrical power. While at work at the machine, on October 6, 1910, he was required to make some adjustments in the mechanism of the press, to overcome some temporary defect which appeared in the process of operation. To make these adjustments, he was obliged to enter within parts of the machinery of the press. He was assisted by one Freund, a fellow servant, as a helper in the operation of the press. While the plaintiff was so at work, he ordered Freund to put on the electrical power to move forward a portion of the press. This was done several times, as required in making the adjustments. Finally, under directions from the plaintiff, Freund again put on the electrical power, but so unskillfully that the moving part of the machine was advanced too far, thus striking the plaintiff and injuring him quite severely. The immediate cause of this accident was the act of Freund, a fellow servant.

The complaint set forth two separate causes of action, each of which was based upon the provisions of the labor law of 1909, as amended by chapter 352 of the Laws of 1910. The plaintiff asserts liability against the defendant on the ground that Freund was assigned to do the work of helping at the press by one Vogel, a superintendent of the defendant, and that Freund was incompetent for such work, and that Vogel knew, or should have known, of such unfitness. Freund's incompetency is claimed to have arisen from the fact that he had not had sufficient experience with a press of the particular character of the one involved in the accident. Vogel's act in assigning Freund to assist in the work is charged as negligence, and the defendant is sought to be held under section 200, subd. 2, of the labor law, as amended in 1910. This provision of the statute imposes li-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ability on the employer for an accident causing injury to an employé
when it arises—

"by reason of the negligence of any person in the service of the employer
intrusted with any superintendence or by reason of the negligence of any
person intrusted with authority to direct, control or command any employé
in the performance of the duty of such employé."

The case at bar was submitted to the jury on the theory that the
provision of the statute just quoted applied to the facts proved by
the plaintiff. The defendant attacks the judgment on the claim that
no cause of action was shown under this statute or at common law.

[1] This provision of the labor law is a development and enlarge-
ment of subdivision 2 of section 1 of chapter 600 of the Laws of 1902,
commonly known as the "Employer's Liability Act." The former stat-
ute imposed liability upon the employer when the accident was
caused—

"by reason of the negligence of any person in the service of the employer in-
trusted with and exercising superintendence, whose sole or principal duty
is that of superintendence, or, in the absence of such superintendent, of any
person acting as superintendent with the authority or consent of such em-
ployer."

In this respect, at least, the statute was not merely declaratory of a
common-law rule, but was intended to create a liability under certain
circumstances where no measure of liability existed at common law.
The statute did not attempt to define the whole measure of an em-
ployer's duty to the employés, but simply supplemented by specific
provisions thereof the rules of liability existing at common law.
Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411. Subdivision 2 of
section 1 of the act of 1902 was the subject of continuous interpreta-
tion by the courts. It was held uniformly that the negligence of the
superintendent, or person exercising superintendence, which imposed
liability upon the employer, did not cover a case of personal negligence
on the part of the superintendent in the performance of a "mere de-
tail" of the general work, which in itself was not an act of superin-
tendence, or on the part of a person whose principal duty was that of
a fellow servant, and who but temporarily and incidentally performed
an act in the nature of quasi superintendence.

When the act of 1902 was re-enacted in 1909 in the Consolidated
Laws as a part of the labor law, no substantial change was made in
the wording of subdivision 2 of section 1 of the original statute. In
1910, however, a substantial change was made in the wording of this
subdivision. As it now stands, liability arises—

"by reason of the negligence of any person in the service of the employer in-
trusted with any superintendence or by reason of the negligence of any person
intrusted with authority to direct, control or command any employé in the
performance of the duty of such employé."

The language so used is quite general, and the question whether it
was intended to apply to an act of any of the persons whom it de-
scribes, which was not itself an act of superintendence, may be dis-
posed of when it arises. The defendant claims, however, that the
statute did not originally, and does not now, apply to a case where the

negligence complained of on the part of the superintendent was such as would impose liability on the master at common law, irrespective of the statute. Where this statute in express terms includes a case where the employé had also a cause of action at common law, it has been held by this court he may maintain his action under the statute as well. Proctor v. Rockville Centre Milling Co., 141 App. Div. 900, 126 N. Y. Supp. 743.

[2] The alleged negligence here complained of, on the part of Vogel, arose in the exercise of his "authority to direct, control or command any employé in the performance of the duty of such employé," as the statute prescribes. This brings us to the question whether the plaintiff made out a prima facie case of negligence on the part of Vogel and Freund. If the accident occurred simply through the negligence of Freund, no liability arose against the defendant; for Freund was concededly a fellow servant, acting at the very time under the direction of the plaintiff. To charge Vogel with personal negligence, it was necessary for him to show that Vogel, as superintendent, knowingly and carelessly assigned Freund to do work which he was not competent to do. The only ground of incompetency urged against Freund, according to the plaintiff's testimony, was that he had little or no experience in the feeding and operation of this particular machine. No proof whatever was given that Freund had ever before shown an incompetency in the performance of his work in that printing shop, although he had been working there the greater part of five years before the accident. There were other presses there, likewise operated by electrical power, and which Freund had worked upon as a helper frequently in a period covering several years. The press on which the accident happened differed from the others chiefly in the fact that it was self-feeding and in the mechanism by which the electrical power was turned on. On this mere circumstance there was not enough to hold Freund as an incompetent fellow servant to the extent of imposing liability on the master.

The mere happening of the accident does not prove incompetency. It could have happened simply from the negligence of an otherwise competent person, and in that case there would be no liability. The physical cause of the accident was that Freund put on too much power. The plaintiff directed him to put on the power. At this time Freund was standing on the left-hand side of the press. With his left hand holding down some packing on a cylinder, he had to reach across five feet with his right hand to the controller in order to turn on the power. The position so taken was done by the direction of the plaintiff himself. The operation was a delicate one, and involved necessarily considerable risk, however competent the operator.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.