### GELDER v. INTERNATIONAL ORE TREATING CO.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. MASTER AND SERVANT (§ 252*)—ACTIONS FOR INJURIES—NOTICE—SUFFICIENCY.

A notice under Employer's Liability Act that the employé's claim for injuries is based on a defect in the condition of a machine by reason of its not being provided with a guard is sufficient; a machine not guarded as required by Labor Law (Consol. Laws 1909, c. 31) § 81, being a defective machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 121*)—GUARDING MACHINERY—VIOLATION OF STATUTE.

Under Labor Law (Consol. Laws 1909, c. 31) § 81, requiring machinery to be properly guarded, the duty to guard only arises when there is a reasonable anticipation of danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

3. MASTER AND SERVANT (§ 286*)—GUARDING MACHINERY—JURY QUESTION.

Failure to guard machinery as required by Labor Law (Consol. Laws 1909, c. 31) § 81, does not constitute negligence per se, but merely evidence of negligence to be submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 288*)—ASSUMPTION OF RISK—QUESTION FOR JURY.

Where an employé operating a "jointer" containing revolving knives projecting above the level of the table had twice called the absence of a guard to the attention of the general manager, who promised to make a guard, the question of whether the employé assumed the risk was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

Miller and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Barney Gelder against the International Ore Treating Company. From an order denying a new trial after a judgment for plaintiff, defendant appeals. Judgment and order reversed, and new trial granted.

See, also, 132 N. Y. Supp. 1129, and 133 N. Y. Supp. 214.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. Clyde Sherwood, for appellant.

Jules H. Baer (Herbert S. Murphy, on the brief), for respondent.

DOWLING, J.   Plaintiff was in defendant's employ on June 13, 1907, operating a machine known as a "jointer," some 7 feet long and 14 inches wide, set at an elevation above the floor of one of the rooms in the defendant's place of business.   This machine contained knives projecting an eighth of an inch above the level of the table, and revolving, when in operation, towards the workman.   There was an iron guage, 6 inches high, against which was pressed the wood sought to be cut, which usually comes in pieces 2 feet long and 2 inches wide.   While the knives were revolving, the workman used his right hand to press the wood towards them, and with his left thumb pressed down upon the wood to keep it steady.   While so engaged, the wood suddenly "jumped back" as plaintiff describes it for some reason which no one undertakes to explain, and his left hand fell in front of the knives, which cut off the thumb and a portion of the hand.   The action is brought under the Employer's Liability Law, and negligence is predicated upon the defendant's failure to guard the machine as required by section 81 of the Labor Law, which, so far as it is applicable, reads as follows:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws and machinery, of every description shall be properly guarded."

Evidence was introduced tending to show that similar machines used by other employers were provided with a guard, which was set over the knives in such a way that the hand of a workman could not possibly come into contact with them, and that such guard came as part of the original equipment of the machine.   There was also proof that plaintiff had called the attention of the defendant's general manager to the absence of a guard when the machine in question was put up some eight months before, and the manager said he would make one for use thereon.   Plaintiff some weeks later again called attention to the absence of the guard, and said he was afraid to work on it, but the general manager said he would make one when he had time and not to mind it but go ahead.

[1]  Objection was made to the receipt in evidence of the notice given under the Employer's Liability Act, but the defendant was clearly advised thereby that the plaintiff's claim was based upon a defect in the condition of the jointer by reason of its not being provided with a guard, and a machine not guarded as required by the Labor Law is a defective machine.   Proctor v. Rockville Centre Milling Co., 141 App. Div. 900, 126 N. Y. Supp. 743.

[2, 3]  Exception was taken to the charge of the learned trial judge that "if you find that it was practical for a guard to be placed upon the machine, and if the master omitted to place a guard there that would be negligence," as well as to the refusal to charge, at defendant's request, that:

"If the master, in the exercise of reasonable care, could not have foreseen the accident would have occurred in the manner described by the plaintiff, then there was no duty on his part to guard the machine."

To this the court replied:

"No, gentlemen, I refuse to charge that. The statute casts a duty upon him. It is not for him to decide."

[4] So far as the question of the assumption of risk by plaintiff was concerned, that was a question of fact for the jury, and it was properly submitted to them. Klein v. Garvey, 94 App. Div. 183, 87 N. Y. Supp. 998; Neuweiler v. Central Brewing Co., 119 App. Div. 101, 103 N. Y. Supp. 1136; Graves v. Stickley Company, 125 App. Div. 132, 109 N. Y. Supp. 256, affirmed 195 N. Y. 584, 89 N. E. 1101.

The sole question here presented is, Do the two exceptions just quoted present reversible errors for our consideration? In Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811, which was a case where a boy 13 years and 3 months old had been employed in a factory in direct contravention of the provisions of section 70 of the Labor Law (Consol. Laws, c. 31), prohibiting the employment in any factory of a child under the age of 14 years, four judges agreed that a question of fact was presented for the determination of the jury, and that in case it should be found that the defendant was negligent and the plaintiff, under the circumstances, was not chargeable with contributory negligence, the defendant was civilly liable. The Chief Judge concurred in an opinion wherein he held that the violation of the section, although punishable as a misdemeanor, also, in the case of injuries which could not have happened but for its violation, constituted evidence of negligence to be considered by the jury. The two dissenting judges held that the section created no cause of action whatever. In that case the prior decisions were reviewed to demonstrate that a statute prohibiting the doing of an act which is dangerous to the life or health of others might also furnish a jury with the basis of a finding of negligence and a liability for damages resulting from the doing of the prohibited act. But we are referred to no case holding that the failure to perform an act required by the Labor Law constitutes negligence per se, so as to leave no question on that phase of the case for the jury. All the cases hold, by analogy with those where a violation of a municipal ordinance was involved, that the violation of a duty imposed by statute or ordinance, where no right of action is in terms created, is some evidence of negligence, and raises at most a question of fact for the jury, but is not necessarily negligent. Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488; McGrath v. R. R. Co., 63 N. Y. 522; McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811; Kiernan v. Eidlitz, 109 App. Div. 726, 96 N. Y. Supp. 387. In the case at bar the machinery was not entirely unguarded; only an eighth of an inch of the knives projected above the table, the rest being guarded by the table itself. The duty to guard imposed by the statute depended upon two considerations: First. Was it practicable to guard? Second. Could danger reasonably have been anticipated to the workman? As the rule is laid down in Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413:

"Where it is practicable to guard a machine, and danger from its remaining unguarded should be reasonably anticipated, the provisions of the statute quoted (section 81 Labor Law) are mandatory."

In the case at bar as to the first essential element to make the statute applicable there was evidence of the practicability of placing a guard on this machine. This evidence was not controverted. When the court charged the jury, therefore, that if "it was practical for a guard to be placed on a machine, and the master omitted to place a guard there, that would be negligence," that was practically a direction of a verdict against plaintiff, and nothing remained save to assess the damages.

The learned court failed to charge the necessity for the existence of the second element, viz., a reasonable anticipation of danger. As was said in Valentino v. Garvin Machine Co., 139 App. Div. 139, 123 N. Y. Supp. 959:

"A master is not bound under all circumstances to guard all of the machines in his factory. Some force must be given to the word 'properly,' and the necessity of guarding must to some extent be determined by the probable dangers from exposure (Glens Falls P. C. Co. v. Travelers' Insurance Co., 162 N. Y. 399, 56 N. E. 897; Dillon v. National Coal Tar Co., 181 N. Y. 215, 73 N. E. 978."

Applying the rule uniformly laid down in all these cases, it follows that the employer is bound to guard machinery under the requirements of section 81 of the Labor Law if it is practicable so to do, and if danger can reasonably be anticipated from its remaining unguarded. When the duty to guard exists, the failure to guard furnishes evidence of negligence which must be submitted to the jury with the other evidence in the case, but does not as a matter of law constitute negligence per se.

The judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.

MILLER, J. (dissenting). The statute provides:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description, shall be properly guarded." Labor Law, § 81 (Consol. Laws 1909, c. 31).

The machinery upon which the plaintiff was injured was called a "jointer." It consisted of a steel table with an opening in the center through which revolving knives projected. The risk in running it was precisely like that involved in running a circular saw, one of the machines specifically enumerated in the statute. The danger was so obvious that but for the statute (Employer's Liability Law, § 3; Labor Law, § 202; Consol. Laws 1909, c. 31) the servant would be held as matter of law to have assumed the risk. See Proctor v. Rockville Centre Milling & Construction Company, 141 App. Div. 900, 126 N. Y. Supp. 743. I am unable to perceive, therefore, how there was any question of fact as to whether the master should have anticipated the danger. The case is not like those in which the piece of machinery is so located as to be removed from danger to employés; e. g., a set screw from 15 to 18 feet above the floor (Glens Falls P. C. Company v. Travelers' Insurance Company, 162 N. Y. 399, 56 N. E. 897), or a printing press protected by a heavy iron frame (Kimmerle v. Carey

Printing Company, 144 App. Div. 714, 129 N. Y. Supp. 572). The danger was obvious as a matter of law. The plaintiff's assumption of it is another matter which is now governed by the statute. The only question, therefore, on that branch of the case was whether it was practicable to guard the projecting knives, and that was submitted to the jury.

Moreover, the burden was on the defendant to show that it was impracticable to guard the machine or that its location removed it from danger (Scott v. International Paper Company, 204 N. Y. 49, 97 N. E. 413), and it offered no evidence on the subject. Of course, the steel table guarded the part of the knives below it, but the projecting part was the thing to be guarded, and there was no attempt to guard that. Within the Scott Case, therefore, the machine was presumptively maintained contrary to the statute, and I am unable to discover any evidence in the record to rebut that presumption. There was evidence that it was practicable to guard the projecting part of the knives, which I think any one who had ever seen such a machine could determine from a mere description of it. We have then the case of a mandatory duty imposed for the benefit of plaintiff, which the defendant violated to the plaintiff's injury.

I am aware that it has been said in many cases that the violation of a municipal ordinance or a statute is evidence of negligence. But in all of those cases other elements were involved in the determination of the question of the defendant's negligence. Either the duty violated was not mandatory as to the plaintiff or its violation was not the immediate cause of the injury. In this case the plaintiff was injured by the violation of a mandatory duty imposed for his benefit, and without the intervention of any other cause. Negligence is the violation of duty. Surely it would not have been error for the court to charge that it was the mandatory duty of the defendant to guard this machine, if it was practicable to do so; the danger being obvious. How, then, can it be said that it was error to charge that the defendant was negligent if it violated that duty?

The judgment should be affirmed.

LAUGHLIN, J., concurs.