At the close of the plaintiffs' testimony the defendant's counsel moved for a nonsuit upon two grounds. First. That there was no evidence that the fire took from sparks from the switch-house; and second, that there was no evidence of negligence on the part of the defendant, its agents or servants in using or operating the stove or pipe in the switch-house.
The evidence showed that the pipe of the stove in the switch-house was not more than fifteen feet from the plaintiffs' ice-house, and about opposite the centre of it, the building being of wood, about 260 feet long, and running nearly parallel with the defendant's railroad track; that wood was burned in the stove and sparks of considerable size were emitted from the pipe. One witness testified that he saw these sparks come out before the fire repeatedly, and several witnesses testified to their coming out after the fire. On the day of the fire a strong wind was blowing from the direction of the switch-house against the ice-house, and the fire took just opposite the switch-house. Within an hour after the fire took, and while it was in progress, as testified to by some of the witnesses, these sparks were seen flying from the stove-pipe to the burning building at the spot where the fire first broke out, and they were observed for several days afterwards and until the removal of the switch-house. The size of the sparks is variously described by the witnesses as being as large as kernels of corn, as the point *Page 29 
of a man's little finger, etc., and the witness states that they came out at times so fast one could not count them.
It is contended on behalf of the appellant, that as railroad engines burning wood were continually passing on the track within about eighteen feet of the ice-house, the fire may have caught form one of these. But it appeared that these engines had passed the building continually for five years without doing injury, and that the switch-house had been put up only about a week before the fire, and there was evidence to the effect that the day of the fire was the first windy day after the erection of the switch-house.
The evidence was, in our judgment, sufficient to authorize the jury to infer that the fire was caused by sparks from the stove in the switch-house, and consequently the first ground of nonsuit is untenable.
In support of the second ground, it is claimed that there was no evidence of negligent management of the fire in the stove, or of the use of defective fuel. But, in view of all the circumstances of the case, the relative positions of the buildings, the mode of construction of the stove and pipe — the latter being not more than eight feet long, including the thimble, and ascending perpendicularly, without crook or elbow, from the top of the stove, and unprovided with any spark-arrester — we think there was sufficient evidence to authorize the submission to the jury of the question whether it was not negligent to use a stove thus constructed, employing wood as fuel, in such close proximity to a wooden building, however good may have been the quality of the wood, or however free from negligence the defendant may have been in the management of the fire. There was evidence to the effect that, notwithstanding the care claimed to have been exercised by the defendant, sparks capable of communicating fire were continually emitted from the pipe, on the day of the fire, and afterwards, and this tends to show that the use of wood for heating purposes, at such a place, and with such an apparatus, was in itself dangerous to the neighboring building, and imprudent and negligent. We *Page 30 
are therefore of the opinion that the motion for a nonsuit was properly denied.
The same observations apply to the request made at the close of the case, that the jury be directed to find a verdict for the defendant. No evidence was introduced on the part of the defense conclusively rebutting the case made by the plaintiff, and it could not, therefore, be properly withdrawn from the jury.
Exception was taken, on the trial, to the admission in evidence of an ordinance of the city of Buffalo, enacting, among other things, that no pipe of any stove shall be put up, unless conducted into a chimney made of brick or stone, and that no such pipe shall be put up so as to project through such chimney into the open air, except upon the written permission of the superintendent of fire. Exception was also taken to a sentence in the charge of the judge, in which he instructed the jury that putting up the stove-pipe in a manner forbidden by the city ordinances was evidence of negligence, which the jury had a right to consider.
It cannot be disputed that, if the violation of the city ordinance contributed to the setting of the fire, these exceptions must fail (Beisegel v. N.Y.C.R.R. Co., 14 Abb. Pr. R., 29), but it is strongly contended by the counsel for the defense that there is no evidence tending to show that non-compliance with the ordinance in any manner contributed to the injury.
This objection presents the most serious question in the case. The ordinance was admissible, provided the evidence was such as to permit an inference that its violation contributed to the injury; and the charge that the jury might take it into consideration in determining the question of negligence was correct, subject to the same proviso. But, if it is apparent that such violation could have had no influence in producing the fire, then the jury had no right to consider it.
If the charge can be construed as meaning that the violation of the ordinance was evidence of negligence, which would, of itself, render the defendant liable, notwithstanding *Page 31 
that it did not contribute to the injury, it was clearly erroneous. But we would not be justified in so construing it. The charge is not set out in the case, but only the particular sentence excepted to; and it must be assumed that the judge instructed the jury properly on the law of the case, and informed them that the defendant was liable only for such negligent acts as contributed to the injury. So plain a principle must have been understood, and, if omitted to be stated, the attention of the court should have been called to it. There is nothing inconsistent with it in the sentence excepted to; but the exception is sufficient to raise the question whether, upon the evidence, the jury could have found that the violation of the ordinance had any connection with the injury. If not, then it was improper to instruct them that they might take it into consideration.
We have given this question careful consideration, and have come to the conclusion that there is not such an absence of connection between the violation of the ordinance and the setting of the fire, as would have justified the court in excluding the ordinance from the consideration of the jury. If the pipe, instead of forming in connection with the thimble on the roof a perpendicular line connecting the burning wood in the stove with the outer air, had been set into a chimney in the ordinary manner, there would necessarily have been an elbow or crook which would have tended to diminish the draft and obstruct the passage of sparks and their velocity, and diminish the probability of sparks of the size testified to, passing out of the top of the pipe. It may be true, as contended by appellant's counsel, that it was immaterial whether the thimble on the roof was constructed of sheet-iron, or of brick, or stone. But a brick or stone chimney is usually either built up from the ground or rests upon some foundation or support within the building; no one ever heard of a chimney having no foundation, and resting on the roof of a frame building; and no such chimney can be deemed to have been within the contemplation of the framers of the ordinance, but it must be construed as referring to a chimney *Page 32 
which, according to common understanding, answers to that name. We, therefore, think that no error was committed in allowing the jury to take the violation of the ordinance into consideration. The question is of very little practical importance to the defendant in the present case, for the court being of opinion that there was evidence of negligence independent of the violation of the ordinance, a new trial on the ground of its admission in evidence would be of very little benefit to the defendant; and in fact would be rather to the advantage of the plaintiffs, as they might add to their recovery the $3,000 of insurance, which was improperly deducted from their damages. (Merrick v. Brainard, 38 Barb., 589, affd.; 34 N.Y., 208.)
The judgment should be affirmed.
All concur, except CHURCH, Ch. J., absent; and ALLEN, J., not sitting.
Judgment affirmed.