(109 App. Div. 726)

### KIERNAN v. EIDLITZ et al.

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTIONS FOR JURY—NEGLIGENCE.

Evidence showing a lack of compliance with Laws 1897, p. 468, c. 415, art. 1, § 20, as amended by Laws 1899, p. 351, c. 192, which provides that, if elevators are used in buildings in the course of construction, the contractors or owners shall cause the shafts or openings in each floor to be enclosed or fenced, does not, as matter of law, show negligence on the part of an employer, but the question is one of fact to be submitted to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where a servant was injured by falling into an elevator shaft which his employers had left insufficiently guarded, under Laws 1897, p. 468, c. 415, art. 1, § 20, as amended by Laws 1899, p. 351, c. 192, the question of contributory negligence is one for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1089–1093.]

O'Brien, P. J., and Laughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Kate Kiernan, as administratrix of the estate of John Kiernan, deceased, against Otto M. Eidlitz and another, to recover damages under the employers' liability act. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Frank V. Johnson, for appellants.
Joseph N. Tuttle, for respondent.

HOUGHTON, J.   The defendants had the contract to do the mason work of a certain building.   Others had contracted to do the carpenter work and plastering.   Plaintiff's intestate was a helper to the defendants' masons.   There was an elevator shaft in the building, in which was an elevator used by defendants for the purpose of lifting materials used by them in the construction of the building.   At the time of the accident this elevator shaft was·unguarded.   A defective plank lay alongside of it, which broke as plaintiff's intestate stepped upon it, and he fell to the bottom of the shaft, receiving injuries which resulted in his death.

This action is brought under the employers' liability act.   Laws 1902, p. 1748, c. 600.   At the conclusion of the case, the trial court decided, as matter of law, that the defendants were negligent, that the plaintiff's intestate was not guilty of contributory negligence, and that he had assumed no risks incident to the absence of barriers about the elevator shaft which prevented the plaintiff from recovering.   Against the defendants' protest and request that these questions be submitted to the jury, he directed that they pass only upon the question of damages.   We think the facts proven involved all of these questions, and that the court erred in taking from the jury any one of them.   The issues involved in proof of negligence and of contributory negligence are peculiar to themselves.   Whether or·not, in any case, the trial court has the right to decide, as matter of law, that given facts establish negligence or lack of contributory negligence, and thus take those questions from the jury and permit them to pass only upon the amount of damage sustained, we are not disposed now to determine.   It certainly is not the usual practice.   It is sufficient for the present case to say that questions were presented which were for the jury alone.·

The view of the court below was that negligence was conclusively established by showing a lack of compliance with section 20 of the labor law, which provides that:

"If elevating machines, or hoisting apparatus are used within a building in the course of construction, for the purpose of lifting materials to be used in such construction, the contractors or owners shall, cause the shafts or openings in each floor to be enclosed or fenced in on all sides by a barrier at least eight feet in height."   Laws 1897, p. 468, c. 415, art. 1, § 20, as amended by Laws 1899, p. 351, c. 192.

Our attention is not called to the decision of any appellate tribunal holding that a violation of this or similar statutes or ordinances, establishes conclusively, as matter of law, negligence on the part of the violator.   In the recent case of Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811, a statutory provision of similar import was under consideration, and the authorities were exhaustively reviewed, and the conclusion reached that a violation raised only a question of fact from which a jury might determine negligence.   It is not every contractor engaged in the construction of a building, who lifts material

to be used therein, that is liable for the absence of a barrier, for the situation may be such as to require the owner himself to erect and maintain a barrier. Rooney v. Brogan Construction Co., 107 App. Div. 258, 95 N. Y. Supp. 1; Koch v. Fox, 71 App. Div. 288, 75 N. Y. Supp. 913. So, one contractor might be guilty of violation of the statute, and another in the same building not guilty.

But, however this may be, with respect to the defendants there remained the questions to be determined of the contributory negligence of the plaintiff's intestate and the assumption of obvious risk by him. The fact that the action is brought under the employers' liability act eliminated neither of these questions. Both still remain, whether the action be at common law or under that act, and both, under the facts disclosed by the record, became questions for the jury to determine.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM and McLAUGHLIN, JJ., concur.

O'BRIEN, P. J. I concur in the result on the ground that the question of contributory negligence was a question of fact for the jury. But I do not concur in the view that the question of the defendants' negligence was involved, thinking, as I do, that this is a statutory liability, and that upon failure to comply with the statute the defendants are liable as a matter of law.

LAUGHLIN, J., concurs.