Anna L. Amberg, as Administratrix of the Estate of
William Amberg, Deceased, Respondent, *v.* Charles
H. Kinley, Appellant.

Master and servant — Labor Law — fire escapes on facto-
ries — death of employee in fire in factory — when failure of
master to provide fire escapes renders him liable for death of
employee.

1. Plaintiff's testator, employed by the defendant, was burned to
death in the latter's tannery loft, a large wooden building for dry-
ing oiled hides, the first floor of which was the ground, with two
board floors above, the upper one sixteen feet from the ground.
There were no fire escapes on the building. Ten minutes before
the fire, when the deceased was last seen alive, he was at the elevator
on the lower floor and after the fire his body was found on the ground
under the place where he had been at work on the third floor before
the fire. In an action to recover for his death, the court charged
the jury as follows: " It is my duty to say to you that this building
was in legal effect a factory and that an absolute duty was imposed
upon this defendant to provide a fire escape for this building, and
that there was a violation of this duty as the proof indicates, so that
if you find that the failure to provide the fire escape was the direct
cause of the death of the decedent, you will find a verdict in favor
of the plaintiff, unless you find that the defendant has established
affirmatively and by a fair preponderance of evidence that decedent
was himself negligent, and that his negligence contributed in some
way to cause the accident. * * * The negligence of the defend-
ant is established as a matter of law by his failure to provide a fire
escape. You have only to determine whether or not the defend-
ant's failure was the cause of the accident outside of the question
of contributory negligence." *Held,* that the charge was correct;
that the case falls within the doctrine of *Willy* v. *Mulledy* (78 N. Y.
310), and that it was for the jury to say if a failure to provide fire
escapes was, under the circumstances, the cause of death. (Labor
Law, § 82; Cons. Laws, ch. 31.)

2. The complaint alleged and the answer admitted that notice of
the time, place and cause of injury was given to the defendant, but
the plaintiff failed to put the notice in evidence. *Held,* that the
defendant, to take advantage of the omission or of the insufficiency

of the notice, should have called attention to it in his motion for a nonsuit.

*Amberg* v. *Kinley*, 160 App. Div. 232, affirmed.

(Argued January 13, 1915; decided April 13, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 30, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The action is to recover damages for the death of the plaintiff's intestate who lost his life, as it is alleged, through the defendant's violation of the Labor Law relating to fire escapes on factories.

The defendant was engaged in operating a tannery, and the plaintiff's intestate at the time of his death was in the defendant's employ. One of the buildings connected with the tannery was a drying loft. The loft was a wooden building one hundred and twenty-three feet long and forty-three feet wide, and, according to the plaintiff, was three stories high. The floor of the first story was the ground; the second and third stories had each a floor made of boards. It was about sixteen feet from the ground, or from tan bark banked around the building on the outside, to the top story.

There were seven bents in the building, and on the second and third floors there were ventilators in each bent. The ventilator openings were eight feet wide and three feet high, were on a level with the floor, and each was covered by a pair of shutters. The shutters were fastened at the top, and could be easily swung outward at the bottom.

The plaintiff's intestate and a man named Mott were at work in the loft on the day the former lost his life. They were taking hides soaked with oil out of a wheel on the first floor, loading them on a truck, taking them up by an elevator to the top floor and there hanging them on sticks over the beams of the ceiling, to dry. At about three

o'clock in the afternoon they took a truck loaded with hides and placed it on the elevator. Then Mott went out into the yard for some purpose, and did not return for about ten minutes. On returning he found the loft in flames. It burned very rapidly and was entirely consumed. After the fire, the body of the plaintiff's intestate was found on the ground under the place where he and Mott had been hanging the hides on the third floor before the fire, and the truck was not far from his body.

*Halsey Sayles* for appellant. There was no negligen e on the part of the defendant. The building was not a factory within the meaning of the statute. (*O'Connor* v. *Webber*, 163 App. Div. 175.) The negligence, if any, was not the cause of the accident. (*Hanson* v. *L. V. R. R. Co.*, 194 N. Y. 205; *Palcheski* v. *B. H. R. R. Co.*, 69 App. Div. 440.) The learned trial court erred in charging that the failure to provide fire escapes was negligence as a matter of law. (*Gelder* v. *I. O. T. Co.*, 150 App. Div. 184; *Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Kiernan* v. *Eidlitz*, 109 App. Div. 726; *McRickard* v. *Flint*, 114 N. Y. 222; *Knupfle* v. *K. Ice Co.*, 84 N. Y. 488; *Ziegler* v. *Brennan*, 75 App. Div. 584; *Lee* v. *Sterling Silk Mfg. Co.*, 115 App. Div. 589; *Vil. of Carthage* v. *Frederick*, 122 N. Y. 268.) The trial court erred in charging that the burden was on defendant to prove that the deceased was negligent. (*Johnson* v. *Roach*, 83 App. Div. 351; *Hope* v. *S. & L. Coal Co.*, 120 App. Div. 595; *Welch* v. *Waterbury Co.*, 206 N. Y. 525.)

*Richard H. Thurston* and *Edgar Denton* for respondent. The charge of the trial court that the failure to provide fire escapes was negligence as a matter of law was correct. (*Willy* v. *Mulledy*, 78 N. Y. 310; *Caddy* v. *Interborough Rapid Transit Co.*, 195 N. Y. 415; *Brown* v. *Wittner*, 43 App. Div. 135; *Pitcher* v. *Lennon*, 12 App.

Div. 356; *Marino* v. *Lehmaier,* 173 N. Y. 530; *Arnold* v. *National Starch Co.,* 194 N. Y. 42; Thompson on Negl. §§ 10, 11; LaBatt on Master & Servant, §§ 1906–1909.) The allegations of the complaint as to the service of a notice under the Employers' Liability Act was admitted by the answer and the court correctly charged that the burden was on the defendant to prove contributory negligence. (*Miller* v. *McCloskey,* 9 Abb. [N. C.] 303; *Clark* v. *Dillon,* 97 N. Y. 370; *Paige* v. *Willett,* 38 N. Y. 28; *Snyder* v. *Free,* 114 Mo. 360.)

CUDDEBACK, J. At the time of the fire, section 82 of the Labor Law (Cons. Laws, ch. 31) contained the following requirement with regard to fire escapes on factories: "Such fire escapes as may be deemed necessary by the commissioner of labor shall be provided on the outside of every factory in this state consisting of three or more stories in height." It has been held that the statute is mandatory, and that the owner of a factory may not delay action until the directions of the commissioner of labor are given. (*Arnold* v. *National Starch Co.,* 194 N. Y. 42.) There were no fire escapes on the building in which the plaintiff's intestate was burned.

(a) The court charged the jury as follows: "It is my duty to say to you that this building was in legal effect a factory and that an absolute duty was imposed upon this defendant to provide a fire escape for this building, and that there was a violation of this duty as the proof indicates so that if you find that the failure to provide the fire escape was the direct cause of the death of the decedent, you will find a verdict in favor of the plaintiff, unless you find that the defendant has established affirmatively and by a fair preponderance of evidence that decedent was himself negligent, and that his negligence contributed in some way to cause the accident   *   *   *. The negligence of the defendant is established as a matter of law by his failure to provide a fire escape. You

have only to determine whether or not the defendant's failure was the cause of the accident outside of the question of contributory negligence."

To this charge the defendant duly excepted. I regard the charge as correct and the case as falling within the doctrine of *Willy* v. *Mulledy* (78 N. Y. 310). In that case, which was an action in negligence, the plaintiff's wife was suffocated in her apartments on the third story of a tenement house by reason of a fire in a lower story of the building. A statute of the state (L. 1873, ch. 863) required that such tenement houses should be provided with fire escapes and made it a misdemeanor to violate the statute. The defendant's house had no fire escape.

The court said: "Here was, then, an absolute duty imposed upon the defendant by statute to provide a fire escape, and the duty was imposed for the sole benefit of the tenants of the house, so that they would have a mode of escape in the case of a fire. For a breach of this duty causing damage, it cannot be doubted that the tenants have a remedy. It is a general rule, that whenever one owes another a duty, whether such duty be imposed by voluntary contract or by statute, a breach of such duty causing damage gives a cause of action. Duty and right are correlative; and where a duty is imposed, there must be a right to have it performed." (p. 314.)

In a suit upon a cause of action thus given by statute, it is not necessary for the plaintiff to prove negligence on the part of the defendant, because the failure to observe the statute creates a liability *per se*, or, as is otherwise and with less accuracy sometimes said, is conclusive evidence of negligence. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Racine* v. *Morris*, 201 N. Y. 240; *Watkins* v. *Naval Colliery Co.*, L. R. 1912 [App. Cas.] 693; 27 Halsbury's Laws of England, 192.)

Whether a statute gives a cause of action to a person injured by its violation, or whether it is intended as a general police regulation, and the violation made pun-

ishable solely as a public offense "must to a great extent depend on the purview of the legislature in the particular statute and the language which they have there employed." (*Atkinson* v. *New Castle & Gateshead W. W. Co.*, L. R. [2 Exch. Div.] 441; *Taylor* v. *L. S. & M. S. Ry. Co.*, 45 Mich. 74.)

Actions to recover damages for the breach of a statutory duty are not to be confounded with those based solely on negligence. In the latter class of cases the violation of a statute or an ordinance, if it has some connection with the injuries complained of, is evidence, more or less cogent, of negligence which the jury may consider with all the facts proved. (*Union Pacific Ry. Co.* v. *McDonald*, 152 U. S. 262, 283; *Hayes* v. *Michigan Central Ry. Co.*, 111 U. S. 228, 239; *Kelley* v. *N. Y. State Rys. Co.*, 207 N. Y. 342; *Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40.)

This principle of law is illustrated in *Union Pacific Railway Co.* v. *McDonald* and *Fluker* v. *Ziegele Brewing Co. (supra)*. In *Union Pacific Ry. Co.* v. *McDonald* the defendant failed to erect a fence required by statute to protect cattle and horses, and by reason of the absence of the fence a child was injured. The court, quoting, said: "And although in the case of injury to persons by reason of the same default, the failure to fence is not, as in the case of animals, conclusive of the liability, irrespective of negligence, yet an action will lie for the personal injury, and this breach of duty will be evidence of negligence."

*Fluker* v. *Ziegele Brewing Co.* was a case where a public way was obstructed by beer kegs placed therein by the defendant in violation of a general city ordinance prohibiting street obstructions. This court said: "The violation of the ordinance did not subject the wrongdoer to a civil liability for damages; but its disregard was something, which, in connection with the other facts of the case, furnished some evidence for the consideration of

the jury in passing upon the question of the liability of the defendant." (p. 43.)

A brief review of the decisions in this court cited to impeach the judge's charge as to the defendant's liability will show that they either fall within the class wherein the violation of an enactment gives no personal cause of action, but is simply evidence of negligence, or else that the decisions did not turn upon that question, and what was said upon the subject was aside from the case.

*Knupfle* v. *Knickerbocker Ice Co.* (84 N. Y. 488), cited by the defendant, was a case where the ice company's team was left untied and unattended in the public street, in violation of a municipal ordinance. The horses started and the plaintiff's intestate was run over and killed by the wagon to which they were attached. The ordinance in that case was a general police regulation for the use and occupation of the public streets and was not enacted for the benefit of any particular class of persons. It was a case of the same nature as *Fluker* v. *Zeigele Brewing Co.* (*supra*), and was decided in the same way.

*Marino* v. *Lehmaier* (173 N. Y. 530) was a case involving section 70 of the Labor Law adopted in 1897 (L. 1897, ch. 415). Section 70 provided that a child under the age of fourteen years should not be employed in any factory in this state; and that a child over fourteen and under sixteen years of age should not be so employed without the certificate of a health officer. A violation of this statute was made a misdemeanor. The plaintiff, a boy thirteen years and three months old, was employed in the defendant's printing establishment and his fingers were caught in a cog wheel of a printing press and were cut off.

The court placed the case in the category of those wherein the violation of a statute is evidence of negligence in an action by one injured through its violation, and in that respect the decision has since been followed.

(*Koester* v. *Rochester Candy Works*, 194 N. Y. 92.) The legislature intended by section 70 of the Labor Law to regulate and in some cases forbid child labor in factories, regarding it as detrimental to the public welfare and undesirable for many reasons. The object sought was quite as much for the benefit of the public as for the protection of the child.

A child employed in a factory is not only exposed to risk of accidental bodily injury, but to the far greater risk of physical, mental and moral deterioration, which will prevent his becoming a useful member of the community. The wrong done to the child by a violation of the statute is a wrong done to the whole social order. The number of children who are injured accidentally through their employment about machinery in factories is small compared with the great number so employed, who suffer indirectly in the stunted growth of their minds and bodies.

The decision in the *Marino* case, that the child labor law was intended primarily for the public benefit, and that a violation thereof is merely evidence of negligence, is in nowise contrary to the ruling of the court in *Willy* v. *Mulledy* (*supra*).

*McRickard* v. *Flint* (114 N. Y. 222, 227) was a case which did not involve the question as to the full force that should be given to proof of the violation of a statute causing personal injuries. The case arose under section 5 of chapter 547, Laws 1874, providing that elevator shafts should be properly guarded. The trial judge charged that if any person failed to comply with the requirements of the statute, he was *prima facie* guilty of negligence, to which exception was taken. This court said that the charge "had reference to the failure to perform the statutory duty, unqualified by any circumstances bearing upon the question, and was not necessarily applied to the present case so as to treat the question of negligence of the defendant as one of law." The

court then went on to say further, that there was other evidence in the case to justify the finding of the defendant's negligence, and sustain the plaintiff's recovery. In the *McRickard* case, therefore, the court expressly refused to consider how far the failure to perform a statutory duty to guard the elevator shaft bore as matter of law on the defendant's liability. It was not necessary to decide that question.

*McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 522) was, a railroad crossing case, and there was no flagman at the crossing as required by a municipal ordinance. The trial judge refused to receive the ordinance in evidence, which this court held was erroneous. Whether proof of the violation of the ordinance established liability, or only showed negligence, it was in either case error to exclude it.

In *Graham* v. *Manhattan Ry. Co.* (149 N. Y. 336, 341) there was a nonsuit. The plaintiff was injured while on the platform of one of the cars of the defendant's elevated railroad. The court, in considering the facts to show that the nonsuit was erroneous, said: '"Again, the defendant's disregard of the statute which required gates upon every passenger car used upon its elevated railroad, and that they should be kept closed while the car was in motion, was also evidence of its negligence." What kind of evidence, or the force thereof, the court did not say, nor was it necessary for the court to say in rendering its decision.

In *Briggs* v. *N. Y. C. & H. R. R. R. Co.* (72 N. Y. 26, 30) there was a general ordinance regulating stove pipes, and the court charged " that putting up the stove pipe in a manner forbidden by the city ordinances, was evidence of negligence, which the jury had a right to consider." The only question in this court was whether there was any evidence to show that non-compliance with the ordinance in any manner contributed to the injury sued for. The court found there was, and that there was no error

in allowing the jury to take the ordinance into consideration. A judgment for the plaintiff was affirmed. The decision is not an authority either way in the case at bar.

In *Donnelly* v. *City of Rochester* (166 N. Y. 315) one of the defendant's ordinances relating to guards about areaways was violated by an abutting property owner, not by the city. The city was held liable for the failure to maintain its streets reasonably safe and secure, and the violation of its own ordinance was some evidence of its neglect of duty.

In *Beisegel* v. *N. Y. C. R. R. Co.* (14 Abb. [N. S.] 29) the plaintiff was struck by the defendant's train and had a judgment. The court had charged that the violation by the defendant of a municipal ordinance regulating the speed of trains was some evidence of negligence. This court held that the ordinance had the force of a statute and that the running of a train in violation of its provision was an unlawful act, and that it was proper to show the unlawfulness of the act by which the injury was received in an action against the parties committing the act. The reasoning of the court in this case would apparently justify a charge that the violation of the ordinance was negligence *per se*.

*Hoffman* v. *Union Ferry Co. of Brooklyn* (47 N. Y. 176) and similar cases which hold that the violation of a statute is not conclusive evidence of contributory negligence on the part of a plaintiff, only illustrate the familiar principle that although a party is in fault, yet if that fault does not in any way contribute to an injury, the injured party may have an action against the wrongdoer to whose acts the injury is attributable. To the same effect is *Platz* v. *City of Cohoes* (89 N. Y. 219).

I think it is unnecessary to make further reference to the decided cases. There is no precedent shown, and I venture to say that none can be found in this court, which requires a holding that a violation of the Labor Law in

regard to fire escapes on factories, where a violation causes injury to a person employed in the factory, is simply evidence of negligence and does not in and of itself establish liability, though the question involved has been a mooted one at the Appellate Divisions. (*Gelder* v. *Internat. Ore Treating Co.*, 150 App. Div. 184; *Kiernan* v. *Eidlitz*, 109 App. Div. 726.)

The case here under consideration is controlled by what Judge EARL said in *Willy* v. *Mulledy* (*supra*), and there was no error in the charge of the trial court as to the extent of the defendant's liability.

(b) The defendant also argues that the building in this case was not a factory within section 82 of the Labor Law as the section stood when the accident happened, and that the court erred in charging the contrary. The proof shows that the defendant was the proprietor of a tannery, and that one of the buildings connected with the tannery and used in the work of manufacturing leather was this dry loft which burned. The statute says that the term "factory" should be construed to include any mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor. Certainly, on the day of the accident the plaintiff and the witness Mott were oiling hides and hanging them up to dry in this loft. The building comes within the precise definition contained in the statute, and no argument can make it plainer.

(c) The contention of the defendant further is that it was error for the court to charge that the building was three stories high within the meaning of the Labor Law. The evidence showed that the building contained a first floor which was the ground, where the hides were oiled, and above that a second and a third story where the hides were hung up to dry. No argument can amplify the evidence that the building consisted of three stories in height. It is true that tanbark was banked up to the height of two or three feet around the bottom of the

building, but that could not affect the number of stories which the structure contained.

(d) The defendant also argues that the failure to provide fire escapes was not the cause of the plaintiff's death. The plaintiff and the witness Mott had been hanging the hides on the third floor of the building on the day of the fire. They would load a truck with hides, place it on the elevator, carry the load to the third floor, and there hang up the hides. Shortly before the fire, the deceased and Mott loaded the truck and placed it on the elevator; then Mott went out into the yard. The deceased at that time was standing on the elevator with the truck. That was the last anybody saw of him alive. When Mott returned after an absence of about ten minutes, the building was on fire. After the fire the body of the deceased was found under the place where before the fire he and Mott were hanging hides on the third floor, and not far from his body was the truck. The jury might have found that the deceased, after the departure of Mott, went on with the work in which he was engaged, the same as he had been doing before, viz., that he took the loaded truck to the third floor and proceeded to hang up the hides when the fire occurred. If not that, he must have stood idle after Mott went away and continued idle for the greater part of the ten minutes that Mott was gone. If he had remained idle on the first floor, it is likely he would have escaped from the building.

In connection with this same subject, the defendant argues that if the deceased was on the third floor of the building, the ventilators afforded him means of escape as ample as any fire escape. These ventilators were on a level with the floor, and were only three feet high. The criticism of the defendant's argument made by counsel for the plaintiff is that the decedent in order to escape by way of the ventilators would have been compelled to lie down on the floor and roll out of the building and drop sixteen feet to the tanbark below. That criticism

seems to be justified. The jury could have found that if the factory had been provided with fire escapes, the deceased could have got to the ground by means thereof in safety.

(e) The defendant also says that the court erred in charging that the burden of proving contributory negligence on the part of the deceased rested upon the defendant. This is based on the failure of the plaintiff to put in evidence the notice required by the Employers' Liability Law. The complaint alleged that a notice was given to the defendant, stating the time, and place, and cause of the decedent's injury, pursuant to the statute, and the answer admits that the defendant received a paper writing purporting to state the time, place and cause of the injuries mentioned in the complaint. The notice was not, however, put in evidence.

The failure to put it in evidence resulted perhaps from a mistake or misunderstanding for which the plaintiff was at any rate not wholly to blame. At the outset of the trial, the court ruled that the complaint did not show a cause of action under the Employers' Liability Law. Later on, the court reversed that ruling. It may be that if the trial had proceeded without interruption, the plaintiff would have offered the notice in evidence. At any rate, under the circumstance, the defendant should have called particular attention in his motion for a nonsuit to the fact that there was a failure of proof on the part of the plaintiff, which might have been supplied, but nothing of the kind occurred. The defendant had the notice in his possession, and if it was insufficient in any way, he had only to submit it to the court.

Upon the whole case, I recommend that the judgment appealed from be affirmed, with costs.

Collin, J. (dissenting). The intestate and the defendant were employee and employer. The complaint alleges that the death of the intestate was caused solely by the

negligence of the defendant, in that the building consumed by fire, in which the intestate was burned to death, was provided with stairs and elevator as means of passing from one floor to another and there was no fire escape on the outside of it or elsewhere, or no ladder nor stairs as a means of escape to the roof, or no automatic sprinkling device nor any other to prevent and check the spread of fire, and the said defendant was negligent in not providing each of such lacking appliances. The allegations of negligence were supported by proof.

The Labor Law (Laws of 1909, ch. 36 [Cons. Laws, ch. 31]) provided at the time of the accident: "Such fire escapes as may be deemed necessary by the commissioner of labor shall be provided on the outside of every factory in this state consisting of three or more stories in height." (Section 82.) The section also prescribes the plan and method of construction of the fire escapes, and section 83 provides for any other plan or style approved in writing by the commissioner of labor. The trial justice, having correctly held that the building was, within the sense of the statute, a factory, charged the jury that the negligence of the defendant was established as a matter of law by his failure to provide a fire escape. A question presented by the briefs and argument of counsel is, was it, as a matter of law, negligence on the part of the defendant to refrain from providing the fire escapes.

The statute creates a duty independent of any direction or approval on the part of the commissioner of labor. (*Arnold* v. *National Starch Co.*, 194 N. Y. 42.) The idea of duty implies that of mandate. A statute prescribing simply a duty is not more mandatory than is the common-law creation or declaration of a duty. The statute which required signals to be given upon all moving railroad trains and engines approaching highway crossings at grade was not, or the present statute which requires a signboard at every railroad crossing of a highway at grade is not more mandatory in an action

for negligence than the declaration of the common law that a traveler upon a highway approaching a railroad crossing must look and listen for an approaching train. The legislature may enact that the violation of a statute, and the common law may declare that the violation of a specific duty shall impose an absolute liability, but an action thereon can scarcely be said with technical accuracy to be in negligence. It is rather a statute or rule creating liability regardless of negligence. While negligence is the violation of a duty, not every violation of a duty begets negligence. It is the violation of the duty to exercise the degree of care which the particular circumstances of the case demand which begets negligence. The duty is relative, not absolute, and the effect of any particular statute, rule or expediency must, unless the legislature or the common law otherwise intend, depend upon the particular circumstances and exigencies of each case. Therefore, in this state, it has been uniformly held that in actions for negligence the violation of a statute or ordinance, merely defining or creating a duty, was evidence, but not conclusive evidence of the negligence of the violator,

In *Fluker* v. *Ziegele Brewing Co.* (201 N. Y. 40, 43) the plaintiff, injured by the falling of a beer keg or barrel upon him, charged the defendant with negligence in the manner of piling the beer kegs and also in violating an ordinance of the city of Buffalo which prohibited the use of the alley upon which the kegs were in part, for such purpose. The trial justice charged originally that the violation of the ordinance "is not sufficient to make out negligence against the defendant in this case. It is a circumstance to be taken into account in connection with the manner in which the kegs were piled in the alley and to be considered as a circumstance bearing on the question of negligence on the part of the defendant." At the request of the plaintiff, this part of the charge was withdrawn and the charge was made "that in

35

piling the barrels in the street it, (the defendant), violated a duty which it owed to the public, including this boy." Judge GRAY, writing for the unanimous court, said: "In this there was grave error; for the commission of which the judgment should be reversed and a new trial should be had. * * * The violation of the ordinance did not subject the wrongdoer to the civil liability for damages; but its disregard was something, which, in connection with the other facts of the case, furnish some evidence for the consideration of the jury in passing upon the question of the liability of the defendant. That is to say: were the kegs negligently deposited and allowed unduly to remain in a public street, where persons, rightfully there, might, innocently on their part, be exposed to injury? The facts bearing upon their handling and the place where deposited, all, enter into the question; no one being conclusive, however strongly evidential it might be. The case of *Knupfle* v. *Knickerbocker Ice Co.* (84 N. Y. 488) was one, where a violation of a municipal ordinance, in leaving a horse attached to a vehicle in a street unattended, or unsecured, was charged by the trial court to be 'necessarily negligence.' The action was for negligently causing death and the plaintiff's judgment was reversed by this court, upon the ground that the judge went too far in holding that the 'violation of the ordinance was negligence of itself.' The rule was there stated, as the result of the decisions, that such a violation 'is some evidence of negligence, but not necessarily negligence.' The authority of that case has been repeatedly recognized. The rule itself had been previously asserted in *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 522). (See *McRickard* v. *Flint*, 114 N. Y. 222, 226, and *Donnelly* v. *City of Rochester*, 166 ib. 315–319.)" An ordinance was considered in that case, but a municipal by-law or ordinance duly enacted has the force and effect of a statute within the territory for which it is provided. (*Village of Carthage* v. *Frederick*, 122 N. Y. 268; *Atlan-*

*tic Coast Line R. R. Co.* v. *City of Goldsboro,* 232 U. S. 548.)

In *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 522, 530) the defendant violated an ordinance of the city of Albany which required it to station a flagman at every street crossing. The trial justice erroneously refused to receive the ordinance in evidence. Judge EARL, writing for the court, said: "It (the ordinance) was, therefore, in the nature of a law to be observed within the city by all railroad companies. * * * A violation or disregard of the ordinance, while not conclusive evidence of negligence, is some evidence upon the question to be submitted to the jury, with all the other evidence."

In *McRickard* v. *Flint* (114 N. Y. 222, 226) the plaintiff charged the defendant with negligence in leaving uncovered in his place of business an elevator hatchway. A statute required the covering of it. Judge BRADLEY, writing for a unanimous court, said: "The failure to perform a duty imposed by statute, where, as the consequence, an injury results to another is evidence upon the question of negligence of the party chargeable with such failure. (*Jetter* v. *N. Y. & H. R. R. Co.,* 2 Abb. Ct. App. Dec. 458; *McGrath* v. *N. Y. C. & H. R. R. R. Co.,* 63 N. Y. 523; *Massoth* v. *D. & H. Canal Co.,* 64 N. Y. 524; *Willy* v. *Mulledy,* 78 N. Y. 310; *Knupfle* v. *Knickerbocker Ice Co.,* 84 N. Y. 488.) It is not conclusive evidence of negligence."

In *Donnelly* v. *City of Rochester* (166 N. Y. 315, 318) the plaintiff charged the defendant with negligence in leaving insufficiently guarded an areaway. An ordinance of the city required a guard of a height greater than that actually used. Chief Judge CULLEN, then Judge CULLEN, writing for the unanimous court, said: "This action is not brought to impose liability upon the city for failing to enforce its ordinances, but for default in its own primary duty to maintain its streets reasonably safe and secure for travelers thereon. * * * The defendant's own ordi-

nance prescribed three feet and a half as the proper height for such railings. Though a violation of the ordinance is not negligence *per se*, it is some evidence of negligence. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488.)"

In *Briggs* v. *N. Y. C. & H. R. R. R. Co.* (72 N. Y. 26, 30) the plaintiffs charged that through the negligence of the defendant their building was destroyed by fire which caught from sparks from the switchhouse. The stove pipe in the switchhouse was placed in a manner forbidden by the city ordinances, and the trial justice charged that that fact was evidence of negligence which the jury had a right to consider. Judge Rapallo, writing for the unanimous court, said: "The ordinance was admissible, provided the evidence was such as to permit an inference that its violation contributed to the injury; and the charge that the jury might take it into consideration in determining the question of negligence was correct, subject to the same proviso."

In *Graham* v. *Manhattan Ry. Co.* (149 N. Y. 336, 341) this court said: "Again, the defendant's disregard of the statute which required gates upon every passenger car used upon its elevated railroad, and that they should be kept closed while the car was in motion, was also evidence of its negligence. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *McRickard* v. *Flint*, 114 N. Y. 222, 226.) * * * The evidence in this case was clearly sufficient to require the submission to the jury of the question of the defendant's negligence."

In *Koester* v. *Rochester Candy Works* (194 N. Y. 92, 95) the defendant was charged with the violation of sections 70 and 81 of the Labor Law. Chief Judge Cullen, writing for the unanimous court, said: "The Labor Law makes a violation of its provisions a misdemeanor, but does not give a civil remedy therefor to the party injured. Nevertheless it was held by this court in *Marino* v. *Lehmaier* (173 N. Y. 530, 534) that a violation of the statute was *per se* evidence of negligence for

which a jury might find the defendant liable * * *. Under this doctrine the gist of civil liability is the negligence of the master in employing a person of such tender years that the legislature has forbidden his employment. Therefore, if the employer, in the exercise of proper vigilance and due caution, is led to believe that the employee is above the statutory age, he cannot well be charged with negligence in employing an infant, * * *. The question always is whether the employer is justified in believing that the employee is of sufficient age to authorize his employment. For this purpose he may not rest alone on the representation of the plaintiff, but is required to exercise proper vigilance to discover the fact. What such vigilance would dictate differs in different cases. There can readily be imagined a case where the employee is of such mature appearance that the employer may naturally and properly accept his statement as to age. In other cases the appearance of the employee might be the exact reverse. No definite rule can be laid down to relieve the employer from liability in violating the statute."

In *Scott* v. *International Paper Co.* (204 N. Y. 49, 51) the plaintiff charged the defendant with negligence in violating section 81 of the Labor Law requiring machinery of every description to be properly guarded. Judge CHASE, writing for the court, said: "Where it is practicable to guard a machine, and danger from its remaining unguarded should be reasonably anticipated, the provisions of the statute quoted are mandatory. A machine that is maintained wholly without guards is presumptively contrary to the statute. The burden of showing that it is impracticable to guard a machine, or that its location removes it from danger to employees, is upon the person or corporation maintaining it." It is worthy of notice that the learned counsel of the plaintiff relied upon the principle stated in their brief: "The failure of the defendant to guard the machinery was sufficient evidence

of negligence to warrant the submission of the case to the jury."

In *Kelley* v. *N. Y. State Railways* (207 N. Y. 342, 345) the plaintiff, who was injured in collision with a car of the defendant, was violating a statute. · This court said: "It (the statute) is evidence for the jury to consider on the question of negligence with all the other evidence in the case. The court, therefore, erred in taking the statute from the consideration of the jury."

In *Barr* v. *Green* (210 N. Y. 252, 255) the plaintiff was injured by a barbed wire fence constructed by the defendant in violation of a statute. Judge CHASE, writing for the court, said: "It is not claimed that the defendant has complied with it (the statute). Its provisions should be considered in determining whether the defendant was negligent. * * * We are of opinion that a barbed wire fence is not a nuisance as a matter of law. * * * A person may or may not be negligent in building or maintaining such a fence depending upon the place where the same is erected or maintained and the circumstances affecting the question whether such a fence would in any way constitute a source of danger."

In *Macauley* v. *Schneider* (9 App. Div. 279, 282) Chief Judge CULLEN, then Justice CULLEN, speaking for an unanimous court, of which the chief judge of this court was a member, of an ordinance violated by the defendant, said: "Nor did the ordinance of the city, directing that the water be discharged under the sidewalk, make the defendant's method of discharge unlawful *per se*, but it was only evidence authorizing the jury to find the method improper."

In *McCambley* v. *Staten Island M. R. R. Co.* (32 App. Div. 346, 348) Justice WOODWARD, speaking for the same court of a violated ordinance, said: "Its violation is not negligence *per se*, as a matter of law, and conclusive evidence on the question, but it is competent evidence, and sufficient to justify the jury in finding, as a fact, that its

violation was negligence. The charge of the court, that the violation of the ordinance was insufficient for the jury to find negligence, was, therefore, error. Its violation should have been submitted to them as a fact."

In *Sitts* v. *Waiontha Knitting Co.* (94 App. Div. 38, 44) Judge HISCOCK, then Justice HISCOCK, said "a violation of the statute would furnish sufficient evidence from which a jury could say that defendant was negligent."

The principle that the violation of a statute does not establish conclusively negligence on the part of the violator is applicable also to a plaintiff charged with contributory negligence. (*Hoffman* v. *Union Ferry Co. of Brooklyn*, 47 N. Y. 176; *Lambert* v. *Staten Island R. R. Co.*, 70 N. Y. 104; *Blanchard* v. *N. J. Steamboat Co.*, 59 N. Y. 292; *Carroll* v. *Staten Island R. R. Co.*, 58 N. Y. 126; *Connolly* v. *Knickerbocker Ice Co.*, 114 N. Y. 104; *Kelley* v. *N. Y. State Railways*, 207 N. Y. 342. See, also, *Parsons* v. *Syracuse, B. & N. Y. R. R. Co.*, 205 N. Y. 226.) We have not in any decision disregarded or violated the principle established and applied by the decisions cited and the others not cited. *Willy* v. *Mulledy* (78 N. Y. 310, 314) was brought and sustained upon the rule that "where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law." (*City of Rochester* v. *Campbell*, 123 N. Y. 405, 413; *Pauley* v. *Steam G. & L. Co.*, 131 N. Y. 90, 96.) This court and other courts of the state have deemed the decision therein consistent with the principle that the violation of a statute is not conclusive evidence of negligence. (*McRickard* v. *Flint*, 114 N. Y. 222, 226; *Marino* v. *Lehmaier*, 173 N. Y. 530, 535, 540; *Ziegler* v. *Brennan*, 75 App. Div. 584.) In *Arnold* v. *National Starch Co.* (194 N. Y. 42, 48) the principle was not under consideration and the conclusion there reached, as stated by Judge HISCOCK, "These views lead to the conclusion that the appellant

furnished evidence upon which she was entitled to go to the jury and that it was error to dismiss her complaint," is consistent with it. In *Racine* v. *Morris* (201 N. Y. 240) the liability of the defendant, predicated upon the violation of the section of the Building Code, was submitted to the jury. The Appellate Division expressed therein the principle above stated. (*Racine* v. *Morris*, 136 App. Div. 467, 474.) In what may be termed the scaffold cases, based upon sections 18 and 19 of the Labor Law, there has existed a doubt, which this court has not had occasion to remove, as to whether or not the statute made the liability of the employer absolute. (*Stewart* v. *Ferguson*, 164 N. Y. 553; *Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415; *Gombert* v. *McKay*, 201 N. Y. 27; *Smith* v. *Variety Iron & S. Works Co.*, 208 N. Y. 543; *Smith* v. *Variety Iron & S. Works Co.*, 147 App. Div. 242; *Grady* v. *National Conduit & C. Co.*, 153 App. Div. 401.)

The principle has recognition in other jurisdictions. (*Grand Trunk Railway Co.* v. *Ives*, 144 U. S. 408, 418; *Finnegan* v. *Winslow Skate Mfg. Co.*, 189 Mass. 580; *Gately* v. *Taylor*, 211 Mass. 60; *Ubelman* v. *Am. Ice Co.*, 209 Penn. St. 398; *Fane* v. *Phil. R. T. Co.*, 228 Penn. St. 471; *Channon Co.* v. *Hahn*, 189 Ill. 28; *True & True Co.* v. *Woda*, 201 Ill. 315.)

It would be supererogation to vindicate at this time our adoption of the principle. It has existed through more than half a century and the legislature has not deemed it wise or beneficent to annul or modify it — a convincing proof that we have correctly applied the enactments. It therefore is not necessary, and I think it unwise, to substitute confusion and uncertainty for clarity and certainty. In determining whether or not the defendant was negligent the jury should have been permitted and required to consider, in connection with the statute and its violation, the construction of the shed, the means of egress, the manner of its use and occupation and all the facts tending to show that danger from its remaining without a fire escape

should or should not have been reasonably apprehended or that defendant failed or did not fail to use the care which the circumstances of the case demanded.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HOGAN, CARDOZO and SEABURY, JJ., concur with CUDDEBACK, J.; COLLIN, J., reads dissenting opinion; HISCOCK, J., dissents on ground that it does not appear that intestate's death was caused by lack of fire escapes.

Judgment affirmed.