## Fourth Department, May, 1942.
### (May 6, 1942.)

Charles Warney, Respondent, *v.* Board of Education of School District No. 5 of the Town of Irondequoit and Josephine Glawe, Appellants, and Allison M. Van Horn, Randolph E. Haller, Otto Kupfer and Josephine Perry, Defendants. (Action No. 1.)

Virginia Warney, an Infant, by Charles Warney, Her Guardian ad Litem, Respondent, *v.* Board of Education of School District No. 5 of the Town of Irondequoit and Josephine Glawe, Appellants, and Allison M. Van Horn, Randolph E. Haller, Otto Kupfer and Josephine Perry, Defendants. (Action No. 2.)

All concur, except Harris and McCurn, JJ., who dissent and vote for reversal on the law and facts and for granting a new trial in an opinion by Harris, J. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

Harris, J. (dissenting in both actions). Each one of the above-named plaintiffs-respondents has secured judgment against the defendants-appellants, Board of Education of School District No. 5 of the Town of Irondequoit and Josephine Glawe, for damages, and in each case a motion for a new trial on the minutes has been made and denied. The defendants-appellants seek review of such judgments and orders. On trial the actions were discontinued as against the defendant Josephine Perry, and by consent the actions against the defendants Van Horn, Haller and Kupfer were dismissed.

The main action herein is that of the infant plaintiff-respondent brought to recover damages against the defendants-appellants for their alleged negligence. The action of the plaintiff Charles Warney is the derivative action of the father

of said infant. The alleged causes of action arose out of an accident occurring to the infant plaintiff while she was engaged in putting on a shelf some glasses used in the cafeteria conducted by the defendant Board of Education in its district school. On account of such accident, the infant plaintiff sustained severe and permanent injuries, and no question is raised as to the adequacy or inadequacy of the amounts of the verdicts.

The complaint in each action alleges: The defendant Board of Education (erroneously described therein as Durand Eastman School District No. 5) is a duly organized body corporate, operating school buildings and services provided in such district, and in connection with such operation the school district owns and operates a restaurant, which restaurant is not operated for pecuniary profit. On or about the 16th day of January, 1941, the infant plaintiff fell from a stool in such restaurant, sustaining serious and permanent injuries, and that said injuries " were caused wholly and solely by reason of the negligence and carelessness of the defendants, and without any negligence, recklessness or want of care on the part of plaintiff." The answers admit the occurrence of the accident, but deny any knowledge as to the manner or circumstances under which the accident occurred, and allege contributory negligence on the part of the plaintiff and deny negligence on the part of the defendants. The answers set up as a further defense that the infant plaintiff and the defendants Glawe and Perry were coemployees of the district school and covered pursuant to group 19 of section 3 of article 1 of the Workmen's Compensation Law, and that such coverage of the Workmen's Compensation Law is the exclusive remedy of the infant plaintiff and her parent for the damages suffered in the accident. On trial the plaintiffs were permitted to amend their complaints to increase the demand for judgment, and to allege as follows specific grounds of negligence, (1) failure of the defendant school board to keep the furniture in and about the school in a good state of repair, referring particularly to a stool used in the kitchen, and thus violating subdivision 14 of section 275 of the Education Law; (2) permitting the plaintiff, a child of twelve years, to work in a place of danger, and (3) permitting the plaintiff, while under the age of fourteen years, to work in a restaurant in violation of section 130 of the Labor Law. The defendants were permitted to amend their answers so as to recite that the school district employed and engaged four or more workmen regularly in its business, of whom the infant plaintiff was one, thus making the claim that the alleged coverage of workmen's compensation was effective under group 18 of section 3 of the Workmen's Compensation Law of the State of New York.

The proof on the part of the plaintiffs was as follows: The infant plaintiff, Virginia A. Warney, was born on October 30, 1928; the accident in question occurred in the school building of the defendant School District No. 5 on the 16th day of January, 1941, when she was not more than twelve years, three months of age; that defendant school district operated a cafeteria in the basement of the school where luncheons were served to the children and teachers of the school at noontime; what was served was a meal balanced for nutrition benefits and the price thereof was fifteen cents; certain of the children, including the infant plaintiff, in return for receiving lunch without paying money, helped at the lunch period by washing and putting away dishes; the defendant Glawe was employed by the

defendant School District No. 5 to manage the cafeteria, doing all of the buying and cooking, and she had as an assistant, or associate, the defendant Perry; at the time of the accident to the infant plaintiff it was necessary for her, in the course of her duties in the kitchen, to place a sherbet glass on an upper shelf, which shelf she could not reach except by standing on something; for that purpose and while she was working alongside of the defendant Glawe, she used a stool on which to stand; while she was reaching up to place the glass on the shelf, Mrs. Perry called, the infant plaintiff turned about, the stool tipped, and she fell, sustaining the injuries for which she has secured a verdict of damages. Proof was made that the stool in question had four legs of which one was a quarter of an inch shorter than the other three. On this proof, claim was made by the plaintiffs that it was the difference in the length of the legs of the stool that caused the fall, and that the defendant Board of Education of School District No. 5 was liable for its failure to keep such stool in proper repair. This claim is made under subdivision 14 of section 275 of the Education Law, which reads as follows:

" 14. To keep each of the school houses under their charge, and its furniture, school apparatus and appurtenances, in necessary and proper repair, and make the same reasonably comfortable for use, but shall not expend therefor without vote of the district an amount to exceed fifty dollars in any one year."

The plaintiffs further contended that the tasks performed by the infant plaintiff in the cafeteria were in the nature of an employment forbidden by section 130 of the Labor Law of the State of New York, which section, in so far as it is material herein, is quoted as follows:

" 1. No child under sixteen years of age, except as otherwise provided in this article, shall be employed in or in connection with or for any factory, mercantile establishment, business office, telegraph office, restaurant, hotel or apartment house, theatre or other place of amusement, bowling alley, barber shop, shoe-polishing establishment, or in the distribution or transmission of merchandise, articles or messages, or in the sale of articles.

" 2. No child under sixteen years of age, except as otherwise provided in this article, shall be employed in or in connection with or for any other trade, business or service."

(The exceptions are not material herein, because they refer to employment of minors between the ages of fourteen and eighteen years.)

Although proof was made that the defendant Glawe had forbidden the use of a stool for the purpose of reaching an upper shelf, such proof was disputed, and it was shown that the infant plaintiff had never before used the stool and that at the time that she used the same she was in the company of and under the direct supervision of the defendant Glawe, who saw what she was doing. Evidence showed that the school district had secured workmen's compensation coverage for its employees and that notices required by law had been posted at the approach to the cafeteria, so as to comply with the provisions of the law which permitted employees voluntarily to come under protection of the Workmen's Compensation Law. The infant plaintiff said she had never seen such notices. The sole proof afforded by the defendants on trial was this testimony as to compliance with provisions of the Workmen's Compensation Law.

At the close of the entire proof, the trial court ruled that the defense of coverage under Workmen's Compensation Law was not good in these actions. In view of

the tender years of the infant plaintiff, far below those which must have been intended by the Legislature in adopting the Workmen's Compensation Law, and in view of the then provisions of groups 18 and 19 of article 1 of section 3 of such law, the trial court correctly ruled in excluding this defense.

In its charge the court submitted to the jury the question as to whether or not there had been a violation of the pertinent provisions of section 130 of the Labor Law (*supra*), instructing the jury that, if there had been such a violation, and if the violation was the proximate cause of the accident to the infant plaintiff, then contributory negligence was not a defense, and the plaintiffs could recover. The trial court also permitted the jury to pass on the question as to whether or not, in providing a defective stool, the school district and its supervisory employee (the defendant Glawe) had violated the provisions of subdivision 14 of section 275 of the Education Law. The court at two places in the charge instructed the jury that, if the accident came about through the violation of the prohibition contained in section 130 of the Labor Law, then both the defendant board of education and the defendant Glawe were liable to the plaintiffs; but that, if the accident came solely through negligence in not keeping the stool in proper repair, because this was a non-delegable duty, only the defendant board of education would be liable to the plaintiffs. Later, on request, the court told the jury that they could find against both defendants on either of the two theories and thus the jury were given two different sets of instruction on the same question. The jury having returned a verdict against both the defendant Glawe and the board of education, it cannot be determined with any certainty as to on what basis the verdict was returned. To sustain a verdict based on a violation of section 130 of the Labor Law, it would be necessary to hold that the cafeteria, conducted by the school district and supervised by the defendant Glawe, was a restaurant within the meaning of the provisions of section 130 of the Labor Law, and that the infant plaintiff was an employee of such a restaurant. Section 130 and other sources as are appropriate are examined to determine whether the infant plaintiff was an employee, and the cafeteria of the school district was a restaurant. There is no definition of " restaurant " in the Labor Law, but in view of the context of subdivisions 1 and 2 of section 130 of the Labor Law, a proper construction of the use of the word would be within the view that the Legislature was seeking to avoid the dangers of the employment of children of tender years in industrial or mercantile pursuits. The definition of " restaurant," as contained in subdivision 27 of section 3 of the Alcoholic Beverage Control Law, which subdivision, the value here of which definition there is doubt, is quoted as follows:

" ' Restaurant ' shall mean a place which is regularly and in a *bona fide* manner used and kept open for the serving of meals to guests for compensation and which has suitable kitchen facilities connected therewith. * * * ' Meals ' shall mean the usual assortment of foods commonly ordered at various hours of the day; * * *. ' Guests ' shall mean persons who, during the hours when meals are regularly served therein, come to a restaurant for the purpose of obtaining and actually order and obtain, at such time, in good faith, a meal therein."

This appears to be the only statutory definition of " restaurant " in this State. Webster's International Dictionary (2d ed.) defines a restaurant as " An establishment where refreshments or meals may be procured by the public; a public eating house." With these definitions in mind, and also keeping in thought the

objectives of the Labor Law which were to protect minors against moral and physical dangers of employment (*Amberg* v. *Kinley*, 214 N. Y. 531; *Marino* v. *Lehmaier*, 173 id. 530), and thus saving the public in general from destructive influences, it cannot be said that a cafeteria or restaurant service as provided by the defendant school district, was such as to come within the prohibition of section 130 of the Labor Law against the employment of minors at certain ages. Rather, one reaches the conclusion from the sources of common knowledge and from other provisions of the Education Law, that the conduct of lunching places in or by schools is but a part of the school administration. Although trustees of school districts are not given specific authority to provide such eating places, it must be conceded that the practice of furnishing food to children forced by divers circumstances, such as shortness of time, distances from home, physical ill-health, to remain within school precincts during the noon hour, is logically a part of the duties of the trustees to carry out their duties of responsibility to the children put in their charge. The provision of such facilities has been a matter of common usage for many years past, and that is conceded by the appellants. Boards of education in union districts are given specific power when authorized by a meeting of the union district, " to provide, maintain and operate a cafeteria or restaurant service for the use of pupils and teachers while at school, provided, however, that in providing, maintaining and operating such cafeteria or restaurant service, provisions shall be made for making such cafeteria or restaurant service self-supporting " (Education Law, art. 11, § 310, subd. 22); and city boards of education have power " to authorize, or in its discretion to conduct and maintain such extra classroom activities, including the operation of cafeterias or restaurant service for pupils and teachers, as the board, from time to time, shall deem proper." (Education Law, art. 33-A, § 868, subd. 10, ¶ [a].) The expression used in the last quotation is apt to describe the conduct of the cafeteria by the appellant board of education. Such lunching place, part of school activity under authority of the school, was not in the conduct of a business as such conduct is connoted by section 130 of the Labor Law. The provision of food service at lunchtime by the defendant in appellant school district was not in the nature of conducting a restaurant as mentioned in section 130 of the Labor Law. So it must be concluded that the infant plaintiff was not one whose employment was forbidden by such section, and that her tasks or duties in the school lunch place were not as an employee of the defendant school district. The provision of a lunching place was one of the activities that now fall to the delight or the recreation of the education or the training of youth, as such facilities are found in the present day school system. As there is no indication of whether the jury found liability based on a violation of the Labor Law, or based on the failure to provide proper equipment, the judgments herein cannot stand. The judgments and orders from which appeals have been taken herein should be reversed and new trials ordered. On such new trials, as the trial court confines itself to the issues appropriate to the actions, proof may be available to the satisfaction of the jury that the defendants, or one of them, were negligent in failing to provide some proper device, such as a ladder, or did provide equipment out of repair, or failed to provide assistance, such as that of an older person, to aid the child in placing the glassware on a shelf outside of her reach, or proof may be available to show negligence on the

part of the defendant Glawe in allowing children under her supervision to use a method dangerous in common knowledge while performing their tasks under her care and supervision. In view of the possibility of such proof and thus the necessity of having a jury pass on questions of negligence and contributory negligence in respect to such proof, the interests of justice call for new trials of the actions, and such new trials should be granted.

The judgments and orders below should be reversed and new trials granted herein.

McCurn, J., concurs with Harris, J.