■ DIANE RICCI, an Infant, by Her Guardian ad Litem, GRACE RICCI et al., Respondents, v. JOSEPH ROLLES, Appellant.— On the court's own motion, its decision of April 16, 1962, is amended to read as follows: In an action by the infant plaintiff to recover damages for personal injuries sustained by her while riding a sled at the invitation of the defendant, who had tied the sled with a rope to the rear of his automobile; and by her father to recover damages for medical expenses and for loss of the infant's services, the defendant appeals from an order of the Supreme Court, Nassau County, dated November 10, 1961, which granted plaintiffs' motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Order reversed, without costs, and

plaintiffs' motion for summary judgment denied. With reference to clinging to vehicles, section 1233 of article 34 of the Vehicle and Traffic Law provides that: "No person riding upon any * * * sled * * * shall attach the same or himself to any vehicle upon a roadway." Subdivision (a) of section 1230 of the same article provides that the "parent of any child * * * shall not authorize or knowingly permit any such child * * * to violate any of the provisions" of such article. If it be assumed that the defendant, by attaching the rope of the sled to his automobile, violated the statute (Vehicle and Traffic Law, § 1233), nevertheless such violation does not per se subject him to liability. It is true that the defendant's violation of a statute is negligence; but whether or not such negligence on the part of defendant is sufficient to cast him in liability depends upon all the other proof which may be adduced. It is therefore incumbent upon the jury or other trier of the facts to consider such negligence in the light of all the other relevant facts proved; and then, on the basis of all the proof adduced, to determine: (1) whether the negligence inherent in the statutory violation was the proximate cause of the accident; and (2) whether the negligence of the infant plaintiff contributed to its happening (*Counihan* v. *Werbelovsky's Sons*, 5 A D 2d 80, 83; *Martin* v. *Herzog*, 228 N. Y. 164, 168-170; *Amberg* v. *Kinley*, 214 N. Y. 531, 538-540; cf. *Daggett* v. *Keshner*, 284 App. Div. 733, 738; cf. *Kavanagh* v. *New York, O. & W. Ry. Co.*, 196 App. Div. 384, 387-388, affd. 233 N. Y. 597). It may be noted that here a preliminary basic question of law is also involved, namely: whether the said section 1233 applies only to the rider of the sled or whether it encompasses the operator of the automobile as well as the rider of the sled. We do not at this time pass upon that question. Under the circumstances, the questions of fact presented should be tried; they should not be resolved on a motion for summary judgment. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.